IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA (Cedar Rapids)

------------------------------X

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| PROPERY HOLDERS, LTD | : | Case No. 22-00744, TC |
| Debtor(s). | : | |
| | : | Motion for Relief from Automatic Stay |
| | : | |
| | : | Obj. Date: February 20, 2023 |

------------------------------X

## AMANDA CLARK'S MOTION UNDER
## SECTION 11 U.S.C. § 362(d)(2) FOR RELIEF FROM THE AUTOMATIC STAY

AMANDA CLARK ("**Movant**"), a creditor of the above-captioned Debtor, hereby moves ("**Motions**") this Court pursuant to section 362(d)(2) of title 11 of the United States Code ("**Bankruptcy Code**") and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") for entry of an order modifying and terminating the automatic stay to permit Movant to exercise all of her rights and remedies with respect to litigation pending in the Iowa District Court for Linn County (the "**State Court**") bearing case number SCSC259469 (the "**State Court Action**"). The State Court Action is for the purpose of: (1) recovering Movant's security deposit ($950), (2) recovering certain of her actual damages ($330), (3) recovering punitive damages ($1,900), and (4) recovering her attorney's fees ($3,500). In support of this Motion, the Movant respectfully represents the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334(b) and 157, and the Public Administrative Order No. 07-AO-16-P in the matter of the Referral of Bankruptcy Cases by the United States District Court for the Northern District of Iowa dated as of December 5, 2007. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G). Movant consents to the entry of a final judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

3. The statutory and legal predicate for the relief requested herein are Bankruptcy Code §362(d) and Bankruptcy Rule 4001(a).

## FACTUAL BACKGROUND

4. Ms. Clark rented certain real estate, commonly known as <u>1751 Higley Ave. SE</u>, Cedar Rapids, Iowa and legally known as Lot 1, Block 3, Wellington Park Addition to Cedar Rapids, Linn County, Iowa (the "**Real Estate**") from Debtor pursuant to a certain rental agreement (the "**Lease**") for which she paid a security deposit of $950 (the "**Security Deposit**"). She vacated the Real Estate on February 5, 2022, and provided proof of her vacatur to Debtor. Debtor failed to return her security deposit. On August 20, 2022, she filed the State Court Action to recover: (a) her security deposit ($950), (b) certain of her actual damages ($330), (c) her punitive damages ($1,900), and (d) her attorney's fees ($3,500) (collectively, the "**Property**").

5. On November 21, 2022 ("**Petition Date**"), the Debtor filed its petition for voluntary relief under Chapter 11 of the Bankruptcy Code (the "**Petition**"). Douglas Dean Flugum is the duly appointed Subchapter V trustee. The State Court stayed the State Court Action by virtue of the Debtor's filing of the Petition.

## RELIEF REQUESTED AND THE BASIS THEREFOR

6. By this Motion, the Movant seeks entry of an order, pursuant to Bankruptcy Code §362(d)(2), modifying and terminating the automatic stay to permit Movant to exercise all of her rights and remedies under applicable law with respect to the Property.

7. Bankruptcy Code §362(d)(2) states that on request of a party in interest, the court shall grant relief from the stay by terminating, annulling, modifying, or conditioning the stay as to property of the debtor if the debtor lacks equity in the property and the property is not necessary for an effective reorganization.

8. Landlords must hold deposits for tenants in federally insured accounts, which may "not be commingled with the personal funds of the landlord," but which "may be held in a trust account." Iowa Code §562A.12(2). Because the Debtor cannot commingle the Security Deposit with its funds and would instead hold the Security Deposit in trust for the Movant, the Security Deposit is not property of the estate. Bankruptcy Code §541(a).

9. Additionally, willful and malicious injuries by the Debtor to the property of the Movant are exempt from discharge. Bankruptcy Code §526(a)(6). Debtor's failure to return the Security Deposit caused the injuries in the State Court Action. Thus, the Debtor's liability for such injuries is exempt from being discharged through its Petition to this Court.

10. The Property is either not an interest of the Debtor's bankruptcy estate or is a liability that is exempt from being discharged. Accordingly, Movant is entitled to an order

modifying and terminating the automatic stay to permit Movant to exercise all her rights and remedies under applicable law with respect to the Property arising in the State Court Action.

11. A proposed form of order granting the relief requested in this Motion is attached hereto as Exhibit "A" ("**Proposed Order**").

## NOTICE

12. Movant will provide notice of this Motion to: (a) the Debtor; (b) counsel to the Debtor; (c) the Chapter 11, Subchapter V Trustee; (d) the US Trustee; and (e) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Movant submits that no other or further notice is necessary.

## NO PRIOR REQUEST

13. No prior request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Movant respectfully requests that this Court enter an order, substantially in the form attached hereto, modifying, and terminating the automatic stay to permit Movant to exercise all of its rights and remedies under applicable law with respect to the Property, and granting such other and further relief as is just and proper.

Dated: February 6, 2023.
Cedar Rapids, IA

Respectfully submitted,

/s/ *Eric J Langston*

Eric J. Langston
AEGIS LAW
*Attorneys for AMANDA CLARK, MOVANT*
601 S. Lindbergh Blvd
St. Louis, MO 63131
314-454-9100
ELANGSTON@AEGISLAW.COM