# United States Bankruptcy Court
# Northern District of Iowa

| | |
|---|---|
| **IN RE:** | Chapter 11 |
| | **Bankruptcy No.** 22-00744 |
| PROPERTY HOLDERS, LTD, | |
| Debtor. | **Objection to Motion for Relief from Automatic Stay by Amanda Clark** |

Debtor, by Rush M. Shortley, its attorney, objects to the motion for relief from the automatic stay filed on behalf of Amanda Clark as follows:

1. Paragraphs 1 & 2 are admitted.

2. Regarding Paragraph 3, Debtor agrees that 11 U.S.C §167 and Federal Rules of Bankruptcy Rule 4001(a) set out the statutory and procedural provisions applicable to motions for relief from the automatic stay.

3. Regarding Paragraph 4 of the motion, Debtor agrees that Ms. Clark once occupied the described property under a residential, agrees that Ms. Clark vacated the premises, and states that Debtor received notice of that departure only on March 14, 2022. It is true that Ms. Clark has filed suit as claimed.

4. Paragraph 5 is admitted.

5. Regarding Paragraph 6, Debtor understands that this motion is an effort by Ms. Clark to gain relief from the automatic stay so that she can pursue her lawsuit in state court.

6. Paragraph 7 is an accurate recital of the substance of the statutory subsection named therein.

7. Regarding Paragraph 8, the Iowa code section cited is accurately summarized. The conclusion from the statutory reference posited by the movant is untrue. The statute does not declare the deposits to be trust funds; it just states that a landlord must keep the deposit funds separate from its personal funds and only permits the use of a separate trust account if desired by the landlord. But, the statute does not declare the formation of a trust separate from the estate of the landlord. Also, the movant does not state facts that would establish that Debtor in fact held the funds separately in a "trust" account. If in fact the evidence presented at trial of movant's case were to show that debtor failed to keep the funds separate, then movant's claims could only be satisfied from the assets of the bankruptcy estate. Also, if the evidence introduced at trial were to establish that Debtor's bank accounts held no positive balance on the date of filing the bankruptcy case, then any

claim Ms. Clark might have to recover her deposit would by necessity have to be satisfied out of the property of the bankruptcy estate.

8. Regarding Paragraph 9, if Ms. Clark believes Debtor committed an act which would create a debt exempt from discharge under 11 U.S.C. §523(a)(6) [Section 526 regulates the behavior of debt relief agencies.], she must establish that in an adversary proceeding filed in the bankruptcy court and obtain a judgment declaring the claim to be exempt from discharge. [Federal Rules of Bankruptcy Procedure Rule 7001(6)] The allegation of Debtor having committed an act which would exempt a part of Ms. Clark's claim from discharge is not cause for relief from the stay to pursue such claim in the Iowa District Court; any such claim exempt from discharge must still be satisfied from property of the debtor which would be property of the bankruptcy estate should the estate be solvent, such as appears in this case, through the claims process rather than the state court garnishment process. Only if this case were to be closed without the non-dischargeable debt being paid would the state court collection process be available to such a claimant.

9. Therefore, the conclusion that movant is entitled to relief from the automatic stay to pursue her claim to judgment and collection in the Iowa District Court expressed in Paragraph 10 is untrue.

10. Paragraph 11 does not require a response.

11. Paragraph 12 does not require a response.

12. Paragraph 13 is an accurate statement.

13. Ms. Clark has failed to establish grounds for relief from the automatic stay. A claim has been filed on her behalf, and her claims are capable of being adjudicated in the claims process of this bankruptcy case. Also, the claim filed on behalf of Ms. Clark claims that a portion of her claim is secured by the property of the bankruptcy estate, thereby creating a conflict in the trust fund theory advanced on Ms. Clark's behalf.

WHEREFORE, Property Holders, LTD, Debtor, requests that this Honorable Court enter its order denying this motion and for such other relief it finds agreeable to equity and good conscience.

Dated: February 16, 2023

Respectfully Submitted,

_____
Rush M. Shortley                    7353
1921 51st Street NE
Cedar Rapids, IA 52402
Phone: (319) 294-1907
E-mail: rush@shortleylaw.com
Attorney for Debtor