**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTHERN IOWA**

In re:

    **Property Holders, LTD**                       Bankr. No. 22-00744

        **Debtor.**

                                                 **Chapter 11**

**UNITED STATES TRUSTEE'S**
**OBJECTION TO PLAN OF REORGNAIZATON**

        The Acting United States Trustee (UST) files this objection to the Plan of Reorganization for Small Business under Chapter 11, Subchapter V "the Plan" (Doc. 77). In support of her objection, she states the following:

        1.        The UST has standing to file this objection under 11 U.S.C. § 307 and 28 U.S.C. §586.

        2.        The contents of the plan are required to include the following:

               **(A)** a brief history of the business operations of the <u>debtor</u>;

               **(B)** a liquidation analysis; and

               **(C)** projections with respect to the ability of the <u>debtor</u> to make payments under the proposed plan of reorganization;

11 U.S.C. § 1190(1).

        3.        Confirmation of a subchapter V plan is governed by Section 1191. A plan may be confirmed consensually under Section 1191(a) if all elements of Section 1129(a) are met, other than subparagraph (15) (best interest of creditor test). A plan may be confirmed non-consensually under Section 1191(b) if all elements of Section 1129(a) are met other than

1

subsections (8) (all classes have accepted the plan), (10) (at least one class has accepted the plan) and (15) and if the plan does not discriminate unfairly and is fair and equitable. The phrase "fair and equitable" is defined at Section 1191(c).

4. In the present case, the Debtor has acknowledged the acceptances or rejections of the Plan were not solicited. Section 1191(a) requires that all impaired classes accept the Plan. The Plan designates all four classes as impaired. In a subchapter V case, Federal Rule 3017.2 states that a date for accepting or rejecting the plan shall be set for subchapter V plan. Section 1126 requires a finding that a class has accepted a plan if at least two-thirds in amount and more than one-half in number of the allowed claims of such impaired class have accepted the plan. Federal Rule 3018(c) notes that the form of the acceptance or rejection "shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security holder or an authorized agent, and conform to the appropriate Official Form." The Official Form is the Ballot for Accepting or Rejecting Plan (B314). Local Rule 3018-1 requires a report of the ballots to be filed with the Clerk at least 7 days prior to the confirmation date.

5. The UST has submitted comments to Debtor's counsel regarding her concerns about the plan. See Att. Ex. 1. The UST and the Debtor continue to work on resolving the objections to the plan. The UST restates her objections as follows.

6. Under the first part of Comment 1 to Exhibit 1, the Debtor has provided a proposed spreadsheet for the GSCU and DUPACO mortgages and has offered to attach it to the Plan.

7. Under the second part of Comment 1, the UST continues to object to the lack of projections. The Plan's proposed treatment is that Classes 1, 2 and 4 will be paid in full by July

2

31, 2027 (the Debtor has indicated that the Plan will be modified to three years). There is no break down of how and when the payments will be made.

In this case, the Debtor has failed to report any operations. The operating reports for November 2022 (Doc. 50), December 2022 (Doc. 61), and January 2023 (Doc. 83) disclosed the following:

- November MOR- no activity and bank balance of $0
- December MOR- beginning balance of $32.24, receipts from RE sale ($109,900) disbursed entirely to secured creditor, ending balance of $32.24
- January MOR- <u>beginning balance of $14,500</u>, no receipts or disbursements, <u>ending balance of $14,500</u>. The DUPACO statement for the DIP account doesn't reflect these funds, and the source of the $14,500 is unknown.

The Plan is proposing to take three or more years to sell real estate to pay the Class 1 Priority claim, Class 2 GSCU claim and Class 4 general unsecured claims in full. Projections should be provided for that period that include the collection of rents and how the income will be used to pay the continued mortgages owed to DUPCO and to GSCU (for unsold properties), to pay post-confirmation real estate taxes, to pay on-going operation expenses such as maintenance or management fees, and to disclose whether the insider taking a distribution. While the Debtor does not know when a sale will close, the Debtor can provide a schedule for when the GSCU properties will be listed, and estimate the timing of the payments to Classes 1, 2 and 4. The creditors are entitled to know when they should expect to be paid. If the plan is confirmed non-consensually, the subchapter V trustee will be required to either make the payments or monitor the payments. The broad statement that the classes will be paid in the next three years without further detail is unreasonable. In this case, where the Debtor has disclosed no operations, such projections are even more necessary.

8. Comment 2 to Exhibit 1. The Debtor has indicated that it will submit the estimated fees at confirmation. The UST also requests that the Debtor include the suggested language for the payment of post-confirmation fees. The Debtor has asserted that since it is in the Code, it does not need to be restated. Since the Plan is binding on the Debtor, asserting the language in the Plan commits the Debtor to understanding the terms at confirmation. While an attorney is aware of the requirements of the Code, a Debtor does not necessarily know.

9. Comment 3 to Exhibit 1. The Debtor's statement that there are no Class 1 priority claims is incorrect. Mari David filed a priority claim of $15,150 at 7-1. Under Section 502(a), the claim is deemed allowed until the Debtor objects. Under Section 1126(a), allowed claims are entitled to vote in the class. Therefore, the Debtor needs to provide for the claim in the plan or file an objection to the proof of claim.

10. Comment 4 to Exhibit 1. Section 1122(a) requires the tax claim of Lynn County to be separately classified. A class for the redemption tax claims may also be required.

11. Comment 5 of Exhibit 1. The Debtor has stated there are no executory contracts and all leases on the property are month to month.

12. Comment 6. of Exhibit 1. The UST requests that language be included in the Plan that the Debtor will file a Notice of Substantial Consumation under Section 1183(c). As noted above, the inclusion of the language puts the onerous on the Debtor to report the substantial consumation to counsel.

13. Comment 7 of Exhibit 1. The Official Form 425A (Subchapter V Plan) fails to address what happens if the Plan is confirmed non-consensually under Section 1191(b). In a non-consensual plan, the Code defaults to the subchapter V trustee making the payments, unless

the plan provides otherwise. The UST has proposed language to address the missing information.

14. Comment 8 of Exhibit 1. *See* paragraph 7, above.

WHEREFORE, the UST requests that the Court deny confirmation of the Plan unless her objections are met herein.

Dated: March 24, 2023

MARY R. JENSEN
UNITED STATES TRUSTEE
REGION 12

/s/ Sarah J. Wencil
Sarah J. Wencil
Trial Attorney
IA ATTY NO. 14014
1015 U.S. Courthouse
300 S. 4th Street
Minneapolis, MN 55401
(612) 334-1350

Exhibit 1

| From: | Wencil, Sarah (USTP) |
|---|---|
| To: | Rush Shortley |
| Cc: | Douglas Flugum; Vandenberg, Todd (USTP); Reasoner, Janet (USTP); Siobhan Briley; TTrumm@OCTHOMASLAW.COM |
| Subject: | Property Holders |
| Date: | Wednesday, March 15, 2023 1:28:00 PM |

Rush,

The UST has reviewed the proposed Plan that you filed in this case, and as we discussed before, I wanted to send informal comments to see if we could avoid a formal objection. I have also copied the other active attorneys, so they are aware of what issues the UST has raised.

The UST has the following comments:

1. The Plan should include exhibits listing the remaining properties subject to the GSCU mortgages (addresses, legal description, estimated value, mortgage number, current balance, property taxes, and anticipated sale date), and properties subject to the DUPACO mortgages (same information. Generally, creditors do not receive copies of the schedules and statements in a bankruptcy case or have access to CM/ECF; therefore, the information should be provided in the plan. In addition, as a legal document, the legal description of each property should be incorporated into the Plan in the event there are title issues down the road outside of bankruptcy.

    I do think that this information can be assembled efficiently into a spreadsheet with the list of GSCU and DUPACO mortgages attached to Schedule B, incorporating the legal descriptions from Schedule B, incorporating the tax information from the tax charge information sheet, and adding the other information requested.

    The Plan provides that the last payment is expected to be made by July 31, 2027, which is over four years from now. This date is difficult to understand. During the four-year period, the Debtor will continue to incur additional charges on the mortgages, property taxes, etc. If the case is converted to chapter 7, a trustee will list the properties immediately and sell the properties for a significantly shorter time period.

2. The Plan should provide an estimate of the administrative expense claims at Article 3.02. This should include the estimated professional fees of yourself and Mr. Flugum.

    The Plan should also provide for the payments of post-confirmation professional fees in the event the plan is not confirmed consensually, and the estate continues to exist. I would recommend the following language be inserted either at Article 3.02 or Article 7:

    > So long as the estate exists post-confirmation, any post-confirmation fees or costs owed to professionals, including fees of the Subchapter V Trustee and any professionals working for the Reorganized Debtors shall be subject to approval by the Court pursuant to 11 U.S.C. § 503(b). Upon Court approval of any such post-confirmation administrative expenses, the Debtors will pay such approved administrative expense in the ordinary course of business, unless otherwise agreed to by the particular claimant.

3. Article 2.01 states that there are no priority claims. Mari Davis filed a priority claim at 7-1 for $15,150. The language at Article 2.01 should be revised to list the $15,150 claim. The treatment of the claim in Class 1 is fine.

4. The Plan is missing a class for the secured tax claims. The Plan mentions that Linn County has outstanding real estate taxes in Background section but does not address the secured claim in Articles 2 or 4. The tax sale proofs of claims 2-1, 3-1 and 4-1 also assert secured claims that should be addressed in the Plan.

    Given their separate secured status assertion, I believe Section 1122(a) requires a separate class for Linn County and some sort of class or disclosure for the tax sale claimants (itemize them within in the Linn County class or separately classify them) with the disclosure of the

    underlying real estate parcels tied to the delinquencies.

5. At Art. 6.01, an itemized list of executory contracts to be assumed should be provided.

6. In the event of a consensual confirmation, Section 1183(c)(2) requires a notice of substantial consummation to be filed.   The Plan should provide that the notice will be filed.  I recommend the following language:

    If the Plan is confirmed under 11 U.S.C. § 1191(a), the Debtor will file a Notice of Substantial Consummation not later than 14 days after the Plan is substantially consummated per 11 U.S.C. § 1183(c)(2).

7. A major problem with the Official Form 425A is that it does not address what will happen if the Plan is confirmed non-consensually under Section 1191(b).   Section 1194(b) provides that if the Plan is confirmed non-consensually under Section 1191(b), the Subchapter V trustee shall make the payments unless the plan states otherwise.  Therefore, the Plan should provide for one of the two scenarios (Debtor pays and reports to trustee or Trustee pays).   Some recommended language to add is as follows:

    **[Debtor pays]** Pursuant to 11 USC § 1190(2), if the plan is confirmed under 11 USC § 1191(b), all of the future proceeds from the sale of assets of the Debtor will be paid by the Debtor.  The Debtor shall submit quarterly reports to the Subchapter V Trustee reporting all proceeds received from sales, all income collected, and all proceeds distributed under the plan.   The Debtor asserts that the value of the property to be distributed under the plan in the 3-year period or such longer period not to exceed 5 years is not less than the projected disposable income of the Debtor under Section 1191(c)(2).

    **[Subchapter V Trustee pays]**  Pursuant to 11 USC § 1190(2), if the plan is confirmed under 11 USC § 1191(b), all proceeds from the sale of assets of the Debtor will be submitted to the supervision and control of the Subchapter V trustee.   Unsecured creditors will be paid in full in one payment after sufficient assets of the Debtor are liquidated.   The Debtor asserts that the value of the property to be distributed under the plan in the 3-year period or such longer period not to exceed 5 years is not less than the projected disposable income of the Debtor under Section 1191(c)(2).

8. As you know, getting the Debtor to report the rental proceeds has been difficult in this case.  The Debtor testified at the meeting of creditors that there were rents.  The operating reports have not reported any rent.  The Plan needs a disclosure of the rents beings collected and how those proceeds are being used during the life of the Plan.

Please let me know if you can address these issues.    Thank you.


Sarah Wencil

Trial Attorney

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

**Property Holders, LTD**          Bankr. No. 22-00744

**Debtor.**

Chapter 11

---

**UNSWORN PROOF OF SERVICE**

---

The undersigned states under penalty of perjury that she served the following Comment by EM/ECF to the parties listed below.

- **Siobhan Briley**     sbriley@pughhagan.com, bboebel@pughhagan.com
- **Douglas Dean Flugum**     dflugum@bugeyeventures.com
- **Janet G. Reasoner**     janet.g.reasoner@usdoj.gov
- **Rush M. Shortley**     rush@shortleylaw.com, r51060@notify.bestcase.com
- **Tonya A. Trumm**     ttrumm@octhomaslaw.com, gstill@octhomaslaw.com

Dated: March 24, 2023                  /s/ Sarah J. Wencil
                                               Office of the U.S. Trustee
                                               Sarah J. Wencil