# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA (Cedar Rapids)

FILED
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

MAY 11 2023

Clerk of Court
By: _____
Deputy

| | |
|---|---|
| In Re | Chapter 11 |
| PROPERTY HOLDERS, LTD | Case No. 22-00744, TC |
| | Objection to Plan of Reorganization |

## Mari Davis's Objection to Plan of Reorganization

MARI DAVIS (hereinafter, "Davis"), a creditor of the above-captioned Debtor, files this objection (hereinafter, "Objection) to the Plan of Reorganization for Small Business under Chapter 11, Subchapter V (hereinafter, the "Plan) [Doc 111] and in support thereof states:

1) Davis is a creditor within the meaning of 11 U.S.C. section 101(10)(a) and as such has filed a Proof of Claim (hereinafter, "Claim") (Form 410) for salary accrued over several months in 2022 that the owner of Property Holders, Chuck Davisson, (hereinafter, "Debtor") had agreed to pay at a rate of $5000/month but which has gone unpaid even as Debtor professed that all accrued salary and administrative expenses incurred by Davis would be paid in full when either Debtor worked out a refinance option with creditors Green State Credit Union and/or Dupaco Credit Union and that he repeated following the filing of the Chapter 11 Bankruptcy November 21, 2022.
2) Davis has continued providing administrative services following the Debtor filing the Chapter 11 Bankruptcy and full time through at least January 31, 2023, with diminished administrative services provided thereafter through and including the date this Objection is filed.  Davis anticipates being asked to continue providing certain services regarding pending cases in small claims court as well as at the administrative level for which Davis possesses the most specific information pertaining to pending cases and for which Davis will be filing a claim under the administrative function permitted under the bankruptcy 11 U.S.C, section 503(b)(1)(A)(i) and for which the Debtor should provide details regarding how Debtor plans to pay Davis for her services.
3) Davis additionally incurred administrative expenses that Debtor claimed he couldn't pay or for which Debtor told Davis to proceed with purchasing in order to perform needed administrative management and/or which were required in order for Davis to continue providing administrative management services and which Davis subsequently personally purchased (out of pocket) with the understanding the expense would be paid.  These items were necessary expenses related to administrative activity Davis was engaging in on behalf of Debtor.
4) In identifying salary and expense incurred, Davis identified and checked at #12 on page 3 of the Claim that up to $15,150 of the Claim is for "wages, salaries or commissions . . . earned

4) In identifying salary and expense incurred, Davis identified and checked at #12 on page 3 of the Claim that up to $15,150 of the Claim is for "wages, salaries or commissions . . . earned within 180 days before the bankruptcy petition is filed . . . " which establishes the claim as a priority per 11 U.S.C. section 507(1)(4).
5) While reviewing information in preparing this Objection, Davis discovered an error in her calculations regarding the total amount owed to her for the year 2022 or for the period prior to the filing of the bankruptcy by Debtor. Although Davis initially claimed erroneously at 7-1 that her salary for February, 2022 was owing in her invoice, a review of checks received from Debtor indicates that February, 2022 was paid in June, 2022 and as such, Davis has removed the costs assessed for February 2022 on the revised and amended Proof of Claim as this was previously paid. As a precaution in verifying funds paid, Davis secured copies of all checks written by Debtor and was able to determine that the many of checks written in 2022 were in payment of Davis's outstanding 2021 salary although a portion of January, 2022 salary was paid (at $4000 instead of $5000) and the February 2022 salary paid in full at $5000 (these checks issued in May and June 2022).
6) Davis's objection to the proposed Plan results from Debtor identifying as "impaired" Class 1 for this particular priority claim and at the same time Debtor objects to the priority claim even as Debtor had for months indicated to Davis that she would be paid for her efforts and administrative management work completed on Debtor's behalf.
7) Davis also objects to the Plan as Debtor identifies at 4.01 that Class (4) creditor claims at the bottom of page 4 is misidentified as Class (3) subsequent to the Class (3) creditor identified above as Dupaco Credit Union so it's a bit confusing, Davis's remainder claim is a Class (4) claim per earlier identification in the Plan but beyond that Davis, as other creditors are entitled to have at least some idea of when payment from Debtor will be forthcoming,
8) Davis further objects to the Plan because Debtor describes in the narrative that under the Background for Cases Filed Under Subchapter V at C., Ability to make future plan payments and operate without further reorganization that the Debtor's financial projections show the Debtor will have net proceeds from the sale of real property which seems to indicate that all creditors will be paid in full, however, Debtor also identifies that the non-priority (unsecured) claims are impaired. This is confusing. Moreover, although Debtor makes claims that all creditors will be paid in full but only provides a generic identification as to when this may occur, Davis's remaining salary may not be paid for up to three years which appears to be unreasonable in terms of the timeframe to await payment for the work completed in managing Debtor's rental properties.
9) Davis believes she should be entitled, at the very least, to receive a cash payment for the priority claim upon the effective date of the Plan. 11 U.S.C. section 507(a)(4).
10) Considering the deficiencies in the Plan, Davis respectfully requests that the Court decline to confirm the Plan and./or order the Debtor to revise the Plan to account properly for payment of Davis's priority claim as well as her general salary claim for work performed and expenses incurred not only prior to the bankruptcy filing but also subsequent to the bankruptcy filing, placing the salary in the category as an administrative claim. Davis has continued providing administrative management services to Debtor regarding the receipt of rental payments, negotiating rental payments, posting/mailing appropriate notices to

tenants, preparations of Forcible Entry and Detainer and money damages actions in state small claims court, appearing in Court on behalf of Debtor as well as filing specific documents in pending cases, among other administrative management activities pertinent to rental property management,

WHEREFORE, for the reasons set for herein, Davis respectfully requests that this Court decline to confirm the Plan until such time as the Plan has again been amended to more specifically provide for Davis to be paid on her priority claim as well as her remainder salary and the administrative claim subsequent to the bankruptcy filing, and according to administrative priority as applicable, and provide other such relief as is necessary and proper.

DATED: May 11, 2023　　　　　　　　　　　Respectfully Submitted,
　　　　　Cedar Rapids, IA

*/s/ Mari Davis*
Mari Davis, former administrator
Property Holders Ltd
720 Center Point Rd NE
Cedar Rapids, IA 52402
(319)373-1677
iahomelocators@yahoo.com

**CERTIFICATE OF SERVICE**

On the date indicated above, I caused the foregoing to be filed electronically with the Court through the M/ECF and sent via email to each of the following individuals: US Trustee, Douglas Flugum, and Attorney Rush Shortley and also mailed to the referenced addresses provided via certificate of mailing and delivered of a copy of the Objections directly to Attorney Shortley's office at 1921 51st NE.

*/s/ Mari Davis*
Mari Davis