# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re:<br><br>PROPERTY HOLDERS, LTD<br><br>Debtor. | Chapter 11<br>Case No. 22-00744 |

## OBJECTION OF DUPACO COMMUNITY CREDIT UNION TO CONFIRMATION OF MODIFIED PLAN OF REORGANIZATION DATED APRIL 10, 2023

COMES NOW Dupaco Community Credit Union ("Dupaco"), by its attorneys O'Connor & Thomas, P.C., and submits its objection (this "Objection") to the confirmation of the Modified Plan of Reorganization dated April 10, 2023, proposed by Property Holders, Ltd (the "Debtor"). In support of this Objection, Dupaco respectfully states as follows:

1.   On November 21, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, Subchapter V of Title 11 of the United States Code (the "Bankruptcy Code").

2.   Dupaco is the holder of a fully secured claim against the Debtor in the total amount of $2,081,576.11, which is evidenced by the proof of claim filed by Dupaco in this case on January 26, 2023 [Claim No. 5] (the "Secured Claim").

3.   The Secured Claim arises from Dupaco's extension prior to the Petition Date of (a) seventeen (17) separate loans to the Debtor, (b) a loan to an affiliate of the Debtor, which loan was guaranteed by the Debtor, and (c) a credit card line of credit to the Debtor, which are evidenced and governed by various promissory notes, credit agreements, and other documents executed by the Debtor in favor of Dupaco, true and correct copies of which were made available to counsel for the Debtor and the U.S. Trustee (collectively, the "Credit Documents").

4.   The Secured Claim and the Debtor's obligations under the Credit Documents are secured by the real and personal property described in the various mortgages, security agreements, and other documents executed by the Debtor in favor of Dupaco, true and correct copies of which were made available to counsel for the Debtor and the U.S. Trustee (collectively, the "Security Documents").

5.   On February 21, 2023, the Debtor filed a proposed Plan of Reorganization dated February 21, 2023 (the "Initial Proposed Plan") [Doc. 77].

6. On March 23, 2023, Dupaco filed an objection to the Initial Proposed Plan (the "Initial Objection") [Doc. 98].

7. On April 10, 2023, the Debtor filed a proposed Modified Plan of Reorganization dated April 10, 2023 (the "Modified Proposed Plan") [Doc. 111].

8. Dupaco acknowledges that the Modified Proposed Plan addressed some of the concerns raised by it in the Initial Objection. Since that date, however, Dupaco has become concerned that the Debtor's failure to properly manage property of the estate, including the real properties that secure the Secured Claim (the "Real Property Collateral"), will impede a successful reorganization in this case and, for the reasons stated herein, hereby objects to the Modified Proposed Plan.

9. On May 1, 2023, Dupaco discovered that the Debtor has failed to maintain required insurance on the Real Property Collateral. In response to Dupaco's May 1, 2023, inquiry about the status of such insurance, the Debtor supplied Dupaco with inaccurate information indicating the required insurance had been issued by American National Property And Casualty Company with a policy period of September 30, 2022, to September 30, 2023. Dupaco only discovered that such information was inaccurate when it contacted American National Property And Casualty Company directly to verify coverage and was advised that the Debtor did not maintain insurance through that company.

10. On May 3, 2023, Dupaco again contacted the Debtor regarding the lack of insurance. On May 5, 2023, the Debtor provided Dupaco with copies of Rental Dwelling Applications / Binder-Receipt, an example of which is attached hereto as Exhibit A, which indicated that the Debtor had applied for insurance with State Farm Fire and Casualty Company on the afternoon of May 4, 2023. Upon contacting State Farm Fire and Casualty Company directly to verify coverage, Dupaco learned that insurance is now in place with respect to only 17 of the Debtor's 23 properties constituting Real Property Collateral. Therefore, notwithstanding the requirements of the Security Documents and despite the fact that this bankruptcy case has been pending for approximately 6 months, it appears as though the Debtor only obtained insurance within the past week after Dupaco's request and, even then, only obtained insurance on some -- but not all -- property of the estate.

11. Dupaco further asserts that the Modified Proposed Plan does not adequately protect its interests in the Real Property Collateral due to a lack of specificity as to the dates by which the Real Property Collateral will be liquidated. The Debtor has asserted there is sufficient equity in the Real Property Collateral to protect Dupaco's interests; however, based upon a visual inspection of the exteriors of the Real Property Collateral conducted by Dupaco on or about April 4, 2023, Dupaco believes that the Debtor's claimed values for such properties (which are set forth in Exhibit D to the Modified Proposed Plan) are overstated. Based upon such visual inspections, it appears as though many of the properties have not been properly maintained and that several may be vacant. Consequently, the adequate protection cushion upon which the Debtor has implied Dupaco should rely may not be accurate and/or sufficient. As a result, Dupaco objects to the Modified Proposed Plan and asserts that the treatment of its Secured Claim in any plan confirmed

in this case should require that the Debtor liquidate properties constituting Real Property Collateral and/or make regularly scheduled payments to reduce the Secured Claim by dates certain mutually agreed-upon by the Debtor and Dupaco.

12. Finally, the lack of veracity of information supplied by the Debtor with respect to insurance – coupled with the fact that the debtor-in-possession accounts maintained with Dupaco have been overdrawn on more than one occasion – have caused Dupaco to be concerned about a potential lack of fiscal management in respect of the Debtor's use of cash collateral. Therefore, Dupaco objects to the portions of the Proposed Modified Plan that seemingly allow the Debtor's use of cash collateral for any purpose that the Debtor, in its sole discretion, determines. Instead, Dupaco maintains that – in addition to the use of cash collateral being conditioned upon a remaining balance of the Secured Claim of not more than 55% of the total value of the remaining Real Property Collateral – the Debtor's use of cash collateral should be subject to a line-item budget mutually-agreed upon by the Debtor and Dupaco.

13. As a result of the foregoing, Dupaco does not consent to the contemplated treatment of the Secured Claim under the Modified Proposed Plan. Accordingly, Dupaco hereby objects to confirmation of the Modified Proposed Plan and requests that this Court deny confirmation.

14. Dupaco further reserves the right to supplement this Objection, to assert other objections to the Modified Proposed Plan, and to assert objections to any modified plan that may be filed by the Debtor.

WHEREFORE, Dupaco Community Credit Union respectfully requests that this Court deny confirmation of the Modified Proposed Plan.

DUPACO COMMUNITY CREDIT UNION,
Secured Creditor,


By: ___*/s/ Tonya A. Trumm*___
    Tonya A. Trumm
    O'CONNOR & THOMAS, P.C.
    1000 Main Street
    Dubuque, IA 52001
    Phone: (563) 557-8400
    Fax: (888) 391-3056
    E-mail: ttrumm@octhomaslaw.com

    ATTORNEYS FOR DUPACO COMMUNITY
    CREDIT UNION

CERTIFICATE OF SERVICE

By signing below, I, Tonya A. Trumm, hereby certify that on the 11th day of May, 2023, I caused a true and accurate copy of the foregoing *Objection of Dupaco Community Credit Union to Confirmation of Modified Plan of Reorganization dated April 10, 2023*, to be served upon each of the parties identified below by depositing a copy of said Objection addressed to each such person at the specified address, and enclosed in a sealed envelope with proper postage affixed thereto, in a United States Post Office depository in Dubuque, Iowa.

Dated this 11th day of May, 2023.

/s/ Tonya A. Trumm

Rush M. Shortley
1921 51st Street NE
Cedar Rapids, IA 52402
ATTORNEY FOR DEBTOR

Peter Riley
4040 – 1st Ave NE
P.O. Box 998
Cedar Rapids, IA 52406
ATTORNEY FOR DEBTOR

Douglas Flugum
Bugeye Ventures, Inc.
P.O. Box 308
Cedar Rapids, IA 52406
TRUSTEE

Janet G. Reasnor
U. S. Trustee
111 7th Ave. SE
Box 17
Cedar Rapids, IA 52401

Sarah J. Wencil
DOJ-UST
300 South 4th Street
Room 1015
Minneapolis, MN 55415

Siobhan Briley
PUGH HAGAN PRAHM PLC
425 E. Oakdale Blvd., Suite 201
Coralville, IA 52241
ATTORNEY FOR GREENSTATE CREDIT UNION

Eric J. Langston
601 S. Lindbergh Blvd, Flr 2
Frontenac, MO 63131
ATTORNEY FOR AMANDA CLARK

| | State Farm Fire and Casualty Company | Applicant Name: | PROPERTY HOLDERS LLC |
|---|---|---|---|
| IA | **Rental Dwelling** <br> Application / Binder-Receipt | Binder Effective Date: | 05-04-2023 |
| | | 95-CM-S567-5 | |

| NEW BUSINESS | | | |
|---|---|---|---|
| **APPLICANT:** | PROPERTY HOLDERS LLC | | |
| **MAILING ADDRESS:** | PO BOX 2328 <br> CEDAR RAPIDS, IA 52406-2328 | **PROPERTY LOCATION:** | 2916 IOWA AVE SE <br> CEDAR RAPIDS, IA 52403-3039 |

**MORTGAGEE / ADDITIONAL INTERESTS:**
Mortgagee
DUPACO COMMUNITY CREDIT UNION ISAOA/ATIMA
PO BOX 2788
SIOUX CITY, IA 51106-0788
Loan #:

**BILLING:**
Put application on SFPP:  Yes

**COVERAGES / PREMIUM SECTION:**

Type: RENTAL DWELLING          Policy Deductible:   1% 1,840          Rate IV:   100%

| Policy Coverage | Limit | Premium | Endorsements | Limit | Premium |
|---|---|---|---|---|---|
| Dwelling (Coverage A) | 184,000 | 706.00 | | | |
| Dwelling Extra Replacement Cost | Excluded | | Fire Department Service Charge Increased Limits | 500 included | |
| Dwelling Extension | 18,400 | | | | |
| Personal Property (Coverage B) | 9,200 | | | | |
| Business Liability (Coverage L) each occurrence | 300,000 | | | | |
| Business Liability (Coverage L) annual aggregate | 600,000 | | | | |
| Premises Medical Payments (Coverage M) each person | 1,000 | | | | |
| Loss of Rents (Actual Loss Sustained) | | | | | |

| Accepted Options | | | Declined Options / Endorsements | | |
|---|---|---|---|---|---|
| | | | Building Ordinance or Law | 10% | |
| | | | Building Ordinance or Law | 25% | |
| | | | Building Ordinance or Law | 50% | |
| | | | Earthquake Excl Masonry Veneer | | |
| | | | Earthquake Incl Masonry Veneer | | |
| | | | Fire Department Service Charge Increased Limits | 1,000 | |
| | | | Fire Department Service Charge Increased Limits | 1,500 | |
| | | | Fire Department Service Charge Increased Limits | 2,000 | |
| | | | Inflation Coverage Deletion | | |
| | | | Loss Assessment | | |
| | | | Modified Loss Settlement | | |
| | | | Replacement Cost on Contents - Opt RC | | |
| | | | Roof Surface Loss Settlement - Actual Cash Value | | |
| | | | Stored Personal Property | | |

**Discounts / Charges**
Utility rating plan                    56.00
**Total Premium:**      $762.00
**Amount Paid:**        $0.00
**Credit Amount:**
**Balance Due:**        $0.00

**UNDERWRITING:**

EXHIBIT A

EB 2612 IA.1   Rev. 01-2011                                                                 Page 1 of 2

| | | |
|---|---|---|
| | State Farm Fire and Casualty Company | Applicant Name:  PROPERTY HOLDERS LLC |
| IA | **Rental Dwelling**<br>Application / Binder-Receipt | Binder Effective Date:  05-04-2023<br><br>95-CM-S567-5 |

---

Has applicant had any losses, insured or not, in the past 3 years:  No

Has any insurer or agency canceled or refused to issue or renew similar insurance to the named applicant or any household member within the past 3 years:  No

Has the applicant been convicted of arson, fraud, or other insurance related offenses:  No

**APPLICANT(S) ACKNOWLEDGEMENT:**

By submission of this application, you agree that: (1) You have read this application, (2) your statements on this application are correct, (3) the coverages, including options and endorsements, and the amounts of coverage on this application are those chosen by you, and (4) the premium charged must comply with State Farm's rules and rates and may be revised.

**BINDER:**

State Farm will provide coverage to the applicant and his or her legal representative on the property described for up to ninety (90) days from the Effective Date, subject to all terms and conditions of the policy and endorsements for which application has been made. If no Effective Date is indicated, this Binder does not provide any coverage. This Binder will be void when the declarations page is issued on the policy for which application has been made or when coverage under this Binder is canceled in accordance with policy provisions.

The premium due State Farm for the coverage provided by this Binder will be the full annual premium for the policy for which application has been made, and will be pro-rated for the length of time coverage is provided under this Binder.

**AGENT INFORMATION:**

App date and time:  05-04-2023,    01:48 PM

Agent:  Jim Humphreys                Agent / AFO Code:  3864 / 06FA99          Agent Phone:  (319)363-2085

Location Address:  3700 1st Ave NE
Cedar Rapids,  IA  52402-6106

**IMPORTANT NOTICES**

**REGARDING CONSUMER REPORTS...**
Consumer reports may be ordered in conjunction with this application.  These reports provide information that assists with determining your eligibility for insurance.

**REGARDING YOUR RENTAL DWELLING COVERAGE AMOUNT....**
It is up to you to choose the coverages and limits that meet your needs. We recommend that you purchase a coverage limit at least equal to the estimated replacement cost of your rental dwelling. Replacement cost estimates are available from building contractors and replacement cost appraisers, or, your agent can provide an Xactware estimate using information you provide about your rental dwelling. We can accept the type of estimate you choose as long as it provides a reasonable level of detail about your rental dwelling.

State Farm® does not guarantee that any estimate will be the actual future cost to rebuild your rental dwelling. Higher limits are available at higher premiums. Lower limits are also available, as long as the amount of coverage meets our underwriting requirements.

We encourage you to periodically review your coverages and limits with your agent and to notify us of any changes or additions to your rental dwelling.