UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| In Re:<br><br>PROPERTY HOLDERS, LTD.,<br><br>Debtor. | Chapter 11<br><br>Case No. 22-00074 |
|---|---|

**OBJECTION OF GREENSTATE CREDIT UNION TO**
**CONFIRMATION OF MODIFIED PLAN OF REORGANIZATION**
**DATED APRIL 10, 2023**

COMES NOW, Creditor GreenState Credit Union ("GSCU"), by and through undersigned counsel, and states its objection ("Objection") to confirmation of the Modified Proposed Plan of Reorganization dated April 10, 2023, proposed by Property Holders, Ltd. ("Debtor"), and in support of its Objection, states:

1. The Debtor, Property Holders, Ltd., filed a voluntary petition for relief under Chapter 11, Subchapter V of Title 11 of the United State Code ("Bankruptcy Code") on November 21, 2022 ("Petition Date").

2. GSCU is the holder of a fully secured claim against the Debtor in the total amount of $829,669.48, which is evidenced by the proof of claim filed by GSCU in this case on January 31, 2023 ("Secured Claim").

3. The Secured Claim arises from judgments rendered prior to the Petition Date in actions filed by GSCU to foreclose delinquent mortgages given to GSCU by the Debtor and secured by real property owned by the Debtor (the "Real Property Collateral").

4. On February 21, 2023, the Debtor filed a proposed Plan of Reorganization (the "Initial Proposed Plan").

5. On March 23, 2023, GSCU filed an objection to the Initial Proposed Plan (the "Initial Objection").

6. On April 10, 2023, the Debtor filed a proposed Modified Plan of Reorganization (the "Modified Proposed Plan").

7. The Modified Proposed Plan addressed some of the concerns raised by GSCU in the Initial Objection. However, as GSCU asserted during the hearing on the Motion to Use Cash Collateral, GSCU remains concerned that the Debtor is not properly managing the Real Property Collateral.

8. GSCU has reviewed the objection filed by Dupaco Credit Union, filed May 11, 2023 (the "Dupaco Objection"), which states some of the same concerns that GSCU has previously raised in this proceeding. GSCU therefore joins the Dupaco Objection, as set forth in further detail below.

{00467254}                                                                1

9.  GSCU previously requested information about whether certain of the Real Property Collateral was properly insured when it suffered a fire. The Debtor provided no response to GSCU's inquiry.

10. On May 10, 2023, the Debtor informed GSCU that it obtained new insurance for the properties subject to GSCU's judgments. GSCU has not had the opportunity to verify coverage on the properties. GSCU is concerned about the Debtor's lack of veracity in its communications with Dupaco, as GSCU has experienced a similar lack of veracity in its dealings with the Debtor in the past. *See* Dupaco Objection at 2.

11. Like Dupaco, GSCU asserts that the Modified Proposed Plan does not adequately protect its interests in the Real Property Collateral due to a lack of specificity as to the dates by which such property will be liquidated. Although the Debtor has specified the dates by which each property will be listed, GSCU recently learned that the property listed on January 31, 2023, only recently went into contract. The Modified Proposed Plan does not address the possibility that the remaining properties will also take several months to sell. Such an eventuality will undermine the proposed schedule for sale of the GSCU properties and prolong GSCU's risk arising from the Debtor's failure to properly manage the Real Property Collateral, as set forth below.

12. GSCU further asserts that the Modified Proposed Plan does not adequately protect its interest the Real Property Collateral due to the lack of specificity as to the dates by which the Real Property Collateral will be liquidated. The Debtor has asserted that there is sufficient equity in the the Real Property Collateral to protect GSCU's interests; however, based upon the appraisals completed on March 4, 2023, GSCU believes the Debtor's claimed values for the properties (which are set forth in Exhibit C to the Modified Proposed Plan) are overstated. Many of the properties have not been properly maintained and several are vacant. Consequently, the adequate protection cushion upon which the Debtor has implied GSCU should rely may not be accurate and/or sufficient. As a result, GSCU objects to the Modified Proposed Plan and asserts that the treatment of its Secured Claim in any plan confirmed in this case should require that the Debtor liquidate properties constituting Real Property Collateral and/or make regularly scheduled payments to reduce the Secured Claim by dates certain mutually agreed upon by the Debtor and GSCU.

13. Finally, like Dupaco, GSCU is concerned about a potential lack of fiscal management in respect of the Debtor's use of cash collateral. Therefore, GSCU objects to the portions of the Proposed Modified Plan that seemingly allow the Debtor's use of cash collateral for any purpose that the Debtor, in its sole discretion, determines. Instead, like Dupaco—and as GSCU asserted during the hearing on the Motion to Use Cash Collateral—GSCU maintains that the Debtor's use of cash collateral should be subject to a line-item budget mutually agreed upon by the Debtor and GSCU.

14. As a result of the foregoing, GSCU does not consent to the contemplated treatment of its Secured Claim under the Modified Proposed Plan, objects to the Modified Proposed Plan, and requests that the Court deny confirmation.

15. GSCU reserves the right to supplement this Objection, to aset other objections to the Plan, an to assert objections to any modified plan that may be filed by the Debtor.

WHEREFORE, GreenState Credit Union respectfully requests that the Court deny confirmation of the Modified Proposed Plan.

Respectfully submitted,

PUGH HAGAN PRAHM PLC

By: */s/Siobhan Briley*
Siobhan Briley (AT0012848)
sbriley@pughhagan.com
425 E. Oakdale Blvd., Suite 201
Coralville, IA 52241
Tel.: (319) 351-2028
Fax: (319) 351-1102
*Attorneys for Creditor GreenState Credit Union*

**CERTIFICATION OF SERVICE**

  I, Siobhan Briley, of Pugh Hagan Prahm PLC, 425 E. Oakdale Blvd., Suite 201, Coralville, Iowa 52241, certify:

  That I am, and at all times hereinafter mentioned was, more than 18 years of age;

  That on the 11th day of May 2023, I served a copy of the foregoing document, to which this Certificate is attached, <u>by electronic mail via CM/ECF</u> or first-class mail, postage prepaid, to the parties or the attorneys of record shown below, as follows:

| | |
|---|---|
| Rush M. Shortley<br>1921 51st Street NE<br>Cedar Rapids, IA 52402<br>Email: rush@shortleylaw.com<br>*Attorney for Debtor* | Sarah J. Wencil<br>Office of the United States Trustee<br>300 South 4th Street, Room 1015<br>Minneapolis, MN 55414<br>Email: sarah.j.wencil@usdoj.gov<br>*United States Trustee* |
| Douglas Dean Flugum, Bankruptcy Trustee<br>Bugeye Ventures, Inc.<br>P.O. Box 308<br>Cedar Rapids, IA 52406<br>Email: dflugum@bugeyeventures.com<br>*Subchapter V Trustee* | Peter Riley<br>Tom Riley Law Firm, P.L.C.<br>4040 – 1st Avenue NE<br>Cedar Rapids, IA 52406<br>Email: peterr@trlf.com<br>*Attorney for Debtor* |
| Janet G. Reasoner, U.S. Trustee<br>Office of the United States Trustee<br>United States Federal Courthouse<br>111 7th Avenue SE, Suite 280<br>Cedar Rapids, IA 52401<br>Email: janet.g.reasoner@usdoj.gov<br>*United States Trustee* | Tonya A. Trumm<br>O'Connor & Thomas P.C.<br>1000 Main Street<br>Dubuque, IA 52001<br>Email: ttrumm@octhomaslaw.com<br>*Attorney for Creditor Dupaco Credit Union* |

  I certify under penalty of perjury that the foregoing is true and correct.

Date: May 11, 2023             */s/ Siobhan Briley*

{00467254}           4