# United States Bankruptcy Court
## Northern District of Iowa

**IN RE:**

PROPERTY HOLDERS, LTD,

              **Debtor.**

**Chapter 11**

**Bankruptcy No.** 22-00744

**Objection to Joint Motion of Dupaco Community Credit Union and GreenState Credit Union for Relief from the Automatic Stay**

Debtor, by Rush M. Shortley, its attorney, objects to this joint motion and requests relief as follows:

1. Paragraph 1 is a correct statement of the basis of this court's jurisdiction and venue within which to hear this motion.

2. Paragraph 2 correctly states the 11 U.S.C. § 362 provides the statutory authority for bringing a motion for relief from the automatic stay. Federal Rule of Bankruptcy Procedure (FRBP) Rule 4001(a)(1) provides that motions for relief from the automatic stay "shall be made in accordance with Rule 9014" and other considerations concerning the granting of relief from the stay.

3. Paragraph 3 is a correct statement.

4. Paragraph 4 is correct in that Dupaco holds a fully secured claim and that it has filed its amended claim as stated.

5. Paragraph 5 is correct in that GreenState holds a fully secured claim and that it has filed its amended claim as stated.

6. Paragraph 6 is correct in its recitation of the docket entries made by this court and that Debtor's Modified Plan of Reorganization and Additions to Modified Chapter 11, Subchapter V Plan was confirmed by order of this court as shown by the record of this case.

7. Debtor submits that the provisions of its confirmed plan are contained within the modified plan and additions thereto and must be read in full by the court in consideration of this motion and Debtor's objections. Debtor objects to the summarization of the Plan Additions providing for "the schedule/timing of such property sales" as specified in the exhibits to the monthly operating reports filed by Debtor.

Debtor's best projections for the timing of sales have been provided in the exhibits attached to the Plan Additions and some of the following monthly reports, including Debtors notes on the progress of the carrying out of the plan provisions. Debtor understands that the return to the "normal" servicing of the Dupaco obligations depends on the agreement of both parties and is governed by the treatment of Dupaco's Class 3 claim provided in Article 4, Section 4.01 of the confirmed plan.

8. Paragraph 8 is a correct statement.

9. Paragraph 9 is an incorrect statement of the number of properties sold to date. Five GreenState properties have been sold and four Dupaco properties have been sold.

10. Debtor states that personal expenses totaling $32.00 were mistakenly paid from the cash collateral account, and those funds were promptly replaced. Debtor further states that Chuck Davisson, President of the Debtor, has drawn personal salary of less than $10,000.00 so far from the estate, substantially less than the $36,000.00 projected at confirmation of Debtor's plan. Those funds have been spent for repairs and improvements to movants' properties to bring them to market or for rental.

11. Paragraph 11 is an incorrect statement of the current state of real estate tax payments and delinquencies by Debtor. ** In fact, the status of Debtor's payments of real estate taxes for properties mortgage to both movants was "worse" at the time of confirmation of Debtor's plan than the current state of payments in that a number of properties had been sold on tax sale and requ ired redemption, plus the other delinquencies present at confirmation. In spite of that state of affairs, both movants withdrew their objections to confirmation of Debtor's modified plan and changes thereto. Since confirmation, all properties have been redeemed from the tax sales which took place prior to confirmation and have paid in full any taxes due on properties which have been sold from the net proceeds of sales paid to Debtor for deposit in the estate's accounts. The only taxes now outstanding are those due for payment in September 2023 or March 2024, and no taxes due on properties mortgage to either movant have been sold at tax sale.

12. Paragraph 12 is an incorrect statement of the facts. All properties are insured by State Farm Insurance Company except two: The property located at 1801 Bever Avenue SE, Cedar Rapids (1801 hereafter), which Dupaco's appraiser refused to assign a value other than $0.00 and Dupaco's counsel required us to list as having no value; this property is scheduled for demolition during July 2024. This is a property that debtor had sold for $5,000.00, and Dupaco refused to release its mortgage; Debtor expects this property have significantly more value as a vacant lot than the prior offer to

purchase for $5,000.00. The second uninsured property at 1052 32nd Street SE, Cedar Rapids (1052 hereafter) is now a vacant lot which was purchased as part of Debtor's pre-bankruptcy plan with Dupaco to purchase the property for demolition and redevelopment; this property was demolished following the May 13 photographs attached as Exhibit 4 to its motion. Those pictures were taken as the empty house on the property was being prepared for demolition with no communication with Debtor before or after the photographs were taken. Debtor's Exhibit 1 of the vacant lot is attached to this response. Both properties are covered by Debtor's liability insurance with State Farm in the event any casualties relating to the properties are experienced.

13. Paragraph 13 is an incorrect statement of the facts surrounding the two properties named therein. The proper interpretation of the photographs of movants' photographs of 1052 is set out in Debtor's response to Paragraph of the motion. The photographs of 1610 Park Avenue SE, Cedar Rapids (1610 hereafter) were taken on a day after the tenants had vacated that the property and Debtor was in the process of renovation to prepare the property for further rental. Debtor's sub-contractors were either in the building or away on errands at the date and time stamped on the photos. Again, neither movant nor its counsel contacted the Debtor's president or its counsel to inquire about the reason(s) for the condition of the property prior to filing its motion.

14. In response to Paragraph 14, no allegation of Debtor's bad faith in the trustee's post-filing reports is made. The trustee, along with the debtor, has been disappointed that faster progress to completion of Debtor's plan has been made, but the real estate market nationwide has received a significant blow regarding the increase in interest rates due to the Federal Reserve's response to the inflation experienced in the economy, the effects of which settled in following confirmation of Debtor's modified plan. Also, the plan's terms anticipate difficulties in reestablishing the Debtor's rental income to a sufficient level to service the remaining Dupaco debt following the reduction of principal as required by the plan's treatment of the Dupaco claim, making the mutual agreement of the parties a requirement for returning to normal debt servicing. If agreement can't be reached, the plan anticipates a liquidation oof properties mortgaged to Dupaco sufficient to pay its entire claim, again the confirmation of which plan was agreed to by Dupaco.

15. The debtor's attachments to its monthly reports were its projections as of the filing of the reports of its plans to move forward. Again, market conditions have forced Debtor to reevaluate its plans from time to time. The reason the confirmed plan has a requirement for completion in three years following confirmation is that Debtor and the persons it was relying on for counsel regarding real estate sales and the other

aspects of the plan cautioned a conservative approach from the beginning of the development of the reorganization plan.

16. Paragraph 16 incorrectly states the number of properties that have been sold in this case. Debtor has sold eight properties since confirmation of its plan and one after the case was filed and before confirmation for a total of nine closed sales. 2009 Memorial Drive SE, Cedar Rapids is sold with closing set for June 28, 2024; it has passed the final hurdle to closing by being appraised for more than its sale price of $317,000.00, while being appraised for only $275,000.00 by Dupaco's appraiser.

17. Paragraph 17 assumes an inaccurate reading of the treatment for the secured claims of GreenState and Dupaco. Footnote No. 5 makes a salacious accusation that Debtor stopped attaching a copy of the current draft of the spreadsheets for each secured creditor's properties "presumably, to avoid drawing the Court's and other interested parties attention to the Debtor's continued failure to follow the terms of the Confirmed Plan." These statements are without any grounds and are potentially libelous by impugning bad faith and an intent to obfuscate the ongoing facts of the case following confirmation of Debtor's modified plan with the agreement of both movants.

18. This claim is patently false as set out earlier in Debtor's objections.

19. The statements in this paragraph are shown to be false as set out above in these objections. Both movants continue to enjoy substantial equity cushions in the remaining properties as compared to the current amounts due under the various remaining mortgage loans. Therefore both movants are adequately protected and have been continuously adequately protected since the filing of the case. Neither movant makes a claim that the value of any of the remaining properties not previously downgraded mortgaged to each has been reduced such that it is inadequately protected. And, neither of the parties has made a serious claim of being inadequately protected to fully pay the remaining amounts of their fully secured claims in full. The citation of *In re Herrin*, 325 B.R. 774, 777 (Bankr. N.D. 2005) is wholly inapposite to the situation in this case. As previously stated in these objections, Debtor's return to regular servicing of the plan requires the agreement of both the debtor and Dupaco, and is stated as an option under the plan—Nothing in the Confirmed Plan requires this debtor to ever return to regular servicing of the remaining obligations to Dupaco, and no provision for a return to regular servicing of the GreenState claim has ever been contemplated by Debtor. If this debtor chose to liquidate the remaining properties sufficiently to fully satisfy the secured claims of GreenState and Dupaco, this plan makes provision for that eventuality, and Debtor has three years to carry out its plan and could have the time of the plan extended to the five-year limit imposed by

    Subchapter V of Chapter 11.

20. These movants have failed to show any grounds for termination or modification of the automatic stay in their motion under any of the provisions of 11 U.S.C. §362 or any other section(s) of the Bankruptcy Code. The only thing these movants have established is their improvident failure to comply with their agreements made in the Confirmed Plan and development of a lack commitment to their prior agreements.

21. Since Debtor believes that the movants have established no cause for modification or termination of the automatic stay, a response to Paragraph would be superfluous.

22. Additionally, Debtor believes that under the facts of this case and the provisions of the Confirmed Plan to which they agreed, movants may be found to have acted in bad faith in bringing this motion, and, if so found by this court of equity, Debtor should be awarded damages and its attorney fees for the defense of this motion.

    WHEREFORE, Property Holders, LTD, Debtor in Possession, respectfully request that this Honorable Court deny the joint motion brought by Dupaco Community Credit Union and GreenState Credit Union and provide such other relief it finds agreeable to equity and good conscience.

Dated: June 17, 2024

Respectfully Submitted,

_____ 7353
Rush M. Shortley
1921 51st Street NE
Cedar Rapids, IA 52402
Phone: (319) 294-1907
Fax: (866) 388-4875
E-mail: rush@shortleylaw.com
Attorney for Debtor

