# United States Bankruptcy Court
## Northern District of Iowa

| | |
|---|---|
| **IN RE:** | **Chapter 11** |
| PROPERTY HOLDERS, LTD, | **Bankruptcy No.** 22-00744 |
| **Debtor.** | **Objection to Application/Motion for Compensation by Mari Davis as an Administrative Expense** |

Debtor, by Rush M. Shortley, its attorney, objects to the application/motion of Mari Davis for Compensation as an administrative expense (DOC 131) as follows:

1. In response to paragraph 1 of Mari Davis's (Davis) application, she was hired on August 1, 2021 to provide services as a sub-contractor. Debtor has only one employee—Charles Davisson.

2. In response to paragraph 2, Davis was retained to answer the telephone, receive and respond to all emails, collect certain rents through a post office box or in person, manage all maintenance arrangements, rent properties as they were acquired or became vacant, and to be present during the Cedar Rapids city rental inspections conducted every 5 years on rental properties. Davis was to manage 30 of the 46 properties owned by Debtor.

3. Davis's compensation was to be 5% of collected rents paid in the month following collection. The expected rents for those 30 properties totaled approximately $30,000.00 thereby providing expected compensation to Davis of approximately $1,500.00 per month.

4. To carry out her duties, Davis was to use her own office and was provided with a new desktop computer with monitor and printer at her office to be used for producing all Debtor's records, such as maintenance requests, payments received, all tenant applications, current tenant information and other records of the portion of Debtor's rental business she was retained to provide.

5. In addition to the duties to be provided to Debtor, Davis was otherwise involved in renting and managing properties of her own, served as a rental conflict resolver to

various clients unknown to Debtor and worked one full day each week for another larger rental company by the name of EPIC.

6. In approximately October 2021, about a month after her services were retained, Davis communicated to Debtor she was working an extraordinary amount of time on Property Holders's business and was going to charge $25.00 per hour for her work, claiming she was required to work 40 hours each week to collect rents. In February 2022, Davis began submitting verbal bills of $5,000 per month, stating she was working over 12 hours per day 4 days per week for Property Holders. This claim of compensation was never agreed to by Property Holders, and Davis's claim of deviation from the original agreement to pay 5% of rents was never agreed to by Property Holders.

7. From the time Davis was retained, Debtor's occupancy rate steadily dropped from 30 properties to just 5 properties rented and paying rent when this Chapter 11 case was filed on November 21, 2022. During this period, Davis managed to rent only 3 Property Holders properties. During the same period, six discrimination/harassment cases were brought against Property Holders and Davis personally; none of them have been resolved as of this time. This performance does not match the skills Davis claims to have in her application for compensation.

8. On November 22, 2022, Davis was informed by the Debtor that her services were terminated until Debtor emerged from this Chapter 11 case, except that her appearance would be needed for two eviction cases that she had filed. Davis's Property Holders telephone was disconnected, email service was terminated and tenants were informed in writing that their rental payments should be sent only to the company's post office box.

9. During the period from November 21, 2022 to June 5, 2023, Davis made two appearances for the eviction cases she had filed of approximately one hour each—both were lost, and one was unopposed—and consulted with the Tom Riley Law Firm on the lawsuits brought against her and Property Owners, primarily that brought by Amanda Clark. No other services by Davis except those court appearances and the consultations with the Tom Riley Law Firm regarding the discrimination/harassment cases in which she was a named party were to be provided. Debtor believes 4 hours of compensation at $25.00 would be appropriate for these actions.

10. Debtor disputes all statements of Davis which are inconsistent with Debtor's recitation of the circumstances of contracting for Davis's services set out above.

WHEREFORE, Property Holders, LTD, Debtor in Possession, respectfully requests that this Honorable Court enter its order denying the application for compensation of Mari Davis except to the extent of $100.00 and for such other and further relief this Honorable Court finds agreeable to equity and good conscience.

Dated: November 1, 2024

Respectfully Submitted,

/s/ Rush M. Shortley

Rush M. Shortley                                   7353
1921 51st Street NE
Cedar Rapids, IA 52402
Phone: (319) 294-1907
Fax: (866) 388-4875
E-mail: rush@shortleylaw.com
Attorney for Debtor

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served by CM/ECF electronic service or was mailed with first class postage affixed to counsel of record for all other parties and to unrepresented parties at their addresses as disclosed by the pleadings and on such other parties as required by the U.S. Bankruptcy Code and the U.S. Rules of Bankruptcy Procedure, according to the following Service List, on November 1, 2024.

/s/ Rush M. Shortley
Rush M. Shortley

Service List:

By CM/ECF Electronic Notice:

United States Trustee
Other parties requesting Notice

By U.S. Mail:

Mari Davis
720 Center Point RD NE
Cedar Rapids, IA 52402-4666