**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Bankr. No. 22-00744 |
| Property Holdings, LTD | ) | |
| | ) | **UNITED STATES TRUSTEE'S** |
| Debtor | ) | **MOTION TO DISMISS PURSUANT** |
| | ) | **TO 11 U.S.C. § 1112** |

The Acting United States Trustee for Region 12 (UST), by and through the undersigned Trial Attorney, hereby files this Motion to Dismiss Pursuant to 11 U.S.C. § 1112(b). In support thereof the UST states as follows:

## JURISDICTION

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This motion arises under 11 U.S.C. § 1112(b).  This motion is filed under FED. R. BANKR. P. 1017 & 9014.

2.      The UST is an independent branch of the United States Department of Justice charged with the administration of bankruptcy estates pursuant to 28 U.S.C. § 581, *et. seq.*

3.      This is a core proceeding pursuant to 28 U.S.C. § 157. The UST has standing to raise, appear and be heard on this Motion pursuant to 11 U.S.C. § 307; 28 U.S.C. § 581 *et seq.*

## FACTS

4.      Property Holders, LTD filed a subchapter V chapter 11 case on November 21, 2022.

5.      Douglas Dean Flugum was appointed to serve as the subchapter V trustee.

6.     The Court confirmed a consensual chapter 11 plan on June 7, 2023. (Order, Doc. 144;  April 11 Plan, Docs. 111 and 143 (Supplement)).     Key requirements of the Order and Plan are the following:

- The creditors provided for in the Plan are two secured creditors GreenState Credit Union (GUSCU) and Dupaco Community Credit Union (DUPACO), and two priority claimants Mari Davis (disputed wage claim) and Amanda Clark (return of rental real estate deposit to be resolved by state court).

- The Order states that substantial consummation will not occur and the subchapter V trusteeship will not be terminated until the Debtor liquidated sufficient properties to pay all creditors in full under the Plan.

- The Debtor was required to file – in addition to monthly operating reports – updated proof  of insurance on properties, dates of leases of rental properties, appraisal or listed values for the properties, a report of any delays in listing and renting, and any information requested by the Subchapter V Trustee.

- The Subchapter V Trustee agreed to provide and file a written summary of the information supplied by the Debtor and whether the Debtor is complying with the Plan.

- The Plan required the Debtor to liquidate properties mortgaged to GSCU or DUPACO, pay Linn County real estate taxes, and pay unsecured claims in full by three years from the final order confirming the plan, which is June 7, 2026.

- The Plan required the Debtor to pay the Subchapter V Trustee for his services during the case.

7.      The Subchapter V Trustee has brought two motions to compel payment of his fees since the Plan was confirmed.  (Docs. 256 and 304)    On June 11, 2025, the Court ordered the Debtor to deposit $500 each month to a trust account held by Debtor's counsel to use to pay Subchapter V Trustee fees  (Doc. 207).   The most recent motion to compel requested that the Debtor be compelled to pay $5,825, and the Court ordered the Debtor to immediately pay $1,000 and continued the matter for April 17, 2026 at 11:45 a.m.

8.      The Debtor filed the February 2026 operating report on April 14, 2026 (Doc. 309).  In that report, the Debtor states that he owes $5,647.50 from a November 2025 bill issued by his counsel and he owes $5,825 to Doug Flugum, the Subchapter V Trustee.

9.      The Subchapter V Trustee has reported that he has received the $1,000 payment and that $4,825 of his allowed fees remains outstanding.

10.     In the February 2026 operating report, the Debtor proposes to pay the outstanding fees owed to his counsel and the Subchapter V Trustee with proceeds from 1713 7th Ave. SE, which property is listed  as subject to GSCU's liens and any Lynn County tax liens.  It is not clear whether GSCU has given permission to use its collateral proceeds to pay the professional fees.

11.     In the Subchapter V Trustee's most recent progress report (Doc. 307), the Subchapter V Trustee notes that the Debtor has not filed taxes since 2021 and that the Debtor is not making the $500 payments to the trust account ordered by the Court.

## **STATUTORY AUTHORITY**

Section 1112(b)(1) provides that the Bankruptcy Court shall dismiss or convert a case for cause absent unusual circumstances specifically identified by the Court that establish that

conversion or dismissal is not in the best interest of the estate.  11 U.S.C. § 1112(b)(1).  See *In re Kerr*, 908 F.2d 400 (8th Cir. 1990)(citing pre-BAPCPA §1112(b));  *In re Keeley and Grabanski Land Partnership*, 460 B.R. 520, 536 (Bankr. D. N.D. 2011)(citing post-BAPCPA §1112);  *In re Walton Street Properties, LLC*, 2011 WL 7179642, at * 3 (Bankr. W.D. Ark. 2011).  A non-exhaustive list of cause is provided under §1112(b)(4).

Once cause is established under § 1112, the Court may exercise its discretion not to dismiss or convert the case only if it identifies unusual circumstances establishing that converting or dismissing the case is not in the best interest of the estate. 11 U.S.C. § 1112(b)(2). However, in that instance, the debtor must also establish:

> **(A)** there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
> **(B)** the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—
>
>> **(i)** for which there exists a reasonable justification for the act or omission; and
>>
>> **(ii)** that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

A bankruptcy court has broad discretion in deciding whether to dismiss or convert a Chapter 11 case.  *Lumber Exchange Bldg., Ltd. v. Mutual Life Ins. Co. (In re Lumber Exchange Bldg., Ltd.)*, 968 F.2d 647, 648 (8th Cir. 1992).

**ARGUMENT**

12.     Cause exists to dismiss or convert this case for inability to effectuate substantial consummation of a confirmed plan under 11 U.S.C. § 1112(b)(4)(M).

13.     Cause exists under Section 1112(b)(4)(M) because the Debtor has failed to pay the expenses of the Subchapter V Trustee in accordance with the Plan, which required the Subchapter V Trustee to monitor the case through substantial consummation.  The Debtor indicates that it will use the secured creditor's proceeds to pay those fees upon the sales of the properties, but there is no indication that the secured creditor (GSCU) has consented to use its proceeds to pay the fees.

14.     Cause may also exist under Section 1112(b)(4)(M) because the Debtor is required to complete selling real estate and pay off  the claims under the Plan within three years of the Court's order confirming the Plan, which date will occur on June 7, 2026.

15.     The February 2026 operating report states that the Debtor believes that the sale of 1713 7th Ave SE and 1933 Higley Ave SE will pay GSCU in full.   The Debtor does not indicate that DUPACO properties will be sold by this deadline.

16.     As a condition of not dismissing or converting this case and demonstrating substantial consummation of the plan, the UST recommends that the Court require the Debtor to submit a Final Report of Substantial Consummation in June accounting for the full payment of the secured claims of GSCU and DUPACO, the tax claims and other claims under the Plan have been paid in full and serve that report on the secured creditors, Subchapter V Trustee, Lynn County, the two unsecured claims, and the UST with an opportunity for the parties to object to the report.

17.     Cause exists to dismiss or convert this case for failure to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief . under 11 U.S.C. § 1112(b)(4)(I).

18.     The Subchapter V Trustee has reported in his most recent report (Doc. 307) that the Debtor has failed to file tax returns since 2021.

19.     The UST recommends dismissal if the Subchapter V Trustee is brought current on his fees because the case primarily exists of the secured claims of GSCU, DUPACO, and any tax claims.     Those creditors would be permitted to seek state court relief to recover any properties or to continue to work with the Debtor to sell the properties.  The UST would support the preference of the creditors, if they prefer conversion.

WHEREFORE, the Acting UST requests this Court dismiss is case and for any other such relief this Court deems just and equitable.

Dated: April 14, 2026                          MARY R. JENSEN

Acting United States Trustee Region 12


 /s/ Sarah J.  Wencil

Sarah J.  Wencil

Trial Attorney

Iowa Atty No.  14014

Office of U.S. Trustee

U.S. Courthouse, Suite 1015

300 South Fourth Street

Minneapolis, MN 55415

TELE: (612) 334-1350