# United States Bankruptcy Court
## Northern District of Iowa

**IN RE:**

PROPERTY HOLDERS, LTD,

**Debtor.**

**Chapter 11**

**Bankruptcy No.** 22-00744

**Objection to Dupaco Community Credit Union Statement in Support of United States Trustee's Motion to Dismiss**

---

Debtor, by Rush M. Shortley, its attorney, responds to Dupaco Community Credit Union's (Dupaco) Statement in Support of United State's Motion to Dismiss, objects to its argument that good cause exists for dismissal of this case and requests relief as follows:

1. Property Taxes: Debtor does not dispute the amounts of real property taxes due on the remaining properties mortgaged to Dupaco.

   a. According to Dupaco's appraisal values of those properties, they have a total value of $2,869,000.00. Taken together with the approximate balance owed to Dupaco on its claim of $1,481,509.14, there is approximately a total of taxes and debt of $1,672,932.74 against those properties, leaving a net equity value of 1,196,067.26, or 42%. On information and belief, Dupaco is currently making commercial real estate loans up to 80% of appraised value, leaving an equity cushion of 20%. A 42% equity cushion after accounting for all liens on the properties is clearly adequate protection of Dupaco's interests according to its own standards for making new loans.

   b. Debtor is informed that the country treasurer is subject to the bankruptcy automatic stay and does not conduct tax sales while a debtor is in bankruptcy, thereby negating any threat to Dupaco's mortgage lien interests.

   c. When a property is sold, all taxes and penalties due are paid from the proceeds of sale, as has happened with each of the sales of properties mortgages to Dupaco by Debtor under its plan without any threat to having a deficit in payment of the full mortgage debt and accrued interest. As shown in Debtor's Exhibit D to its objection to the UST's motion to dismiss, there have been substantial net proceeds on the three sales that involved only one property subject to the mortgage debt being paid by the sale. Exhibit D also shows that each of the six (6) properties sold have been sold at a sale price substantially above the appraised value.

2.  Insurance Coverage: None of the properties mortgaged to Dupaco have ever been without insurance coverage, and any insurance force placed by the lender have been in error. Specifically, the property located at 130 Thompson Dr SE is a condominium purchased in 1921 with a mortgage loan from Dupaco. This property has been insured from the date of purchase through coverage purchased by the condominium home owners association with a loss payee clause naming Dupaco as an insured party, and Dupaco has been informed of this and approved of the coverage since the purchase. Regarding the other two properties claimed by Dupaco to have been uninsured, both properties are insured through Allstate Insurance Company with Dupaco listed as an insured party under the loss payee provisions of the policies, and Dupaco has recieved proper notice of these coverages.

3.  Condition of the Properties: Dupaco states that it "has significant concerns regarding the overall condition of the Collateral Properties" putting forth the reports of exterior inspections of three of the properties as support for its concern. Examination of the three reports concern vacant properties and show some normal maintenance needs for each of the homes. The reports call out and show pictures of the electric meters having been removed and the gas meters having had the gas service shut off. The City of Cedar Rapids requires that the electric meters be removed and gas service be shut off for any rental unit vacant for more than 30 days, and Debtor has complied with the city requirements for these three properties. Dupaco's statement makes no mention of the other twelve (12) properties mortgaged by Debtor to Dupaco. Exterior photographs of all fifteen (15) properties are attach as Exhibit A, which show the general excellent condition of those properties.

4.  Debtor's plan provides for payment in full of Dupaco's secured claim according to the original terms of its borrowing agreements and has performed according to the terms of the confirmed plan with the sales made during the plan. Dupaco has been paid in full according to its payoff letter for each of the properties sold which were the only properties subject to the mortgage loan. Regarding the other three sales leaving remaining properties subject to the mortgage lien, all remaining debt owed for each loan is fully protected by the appraised value of the remaining properties.

WHEREFORE, Property Holders, LTD respectfully requests this Honorable Court find that Dupaco's supporting statement does not provide any additional cause that would support dismissal of this case and enter its order denying the United State's Trustee's motion to dismiss and for such other and further relief to Debtor that it finds agreeable to Equity and good conscience.

Respectfully Submitted,

Dated: May 6, 2026

Rush M. Shortley                                              7353
1921 51st Street NE
Cedar Rapids, IA 52402
Phone: (319) 294-1907
Fax: (866) 388-4875
E-mail: rush@shortleylaw.com
Attorney for Debtor



2040 Spoon Creek Ct SE



2164 Blake Blvd SE



3824 Indiandale Cr SE



2021 Grande Ave SE



1025 20th St SE



1610 Park Ave SE



2103 Bever Ave SE



2045 Park  Ave SE

**EXHIBIT A**



351 20th St SE



2307 Bever Ave SE



412 26th St SE



2842 14th Ave SE



1734 5th Ave SE



130 Thompson Dr SE



2532 1st Ave NE