**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| In re:<br><br>　PROPERTY HOLDERS, LTD<br>,<br><br>　　　　　Debtor. | Chapter 11<br>Case No. 22-00744 |

**OBJECTION OF DUPACO COMMUNITY CREDIT UNION
TO CONFIRMATION OF THE MODIFIED CHAPTER 11, SUBCHAPTER V PLAN
AFTER CONFIRMATION AND THE MOTION FOR
MODIFICATION OF CHAPTER 11, SUBCHAPTER V PLAN AND
EXTENSION OF THE 3-YEAR PLAN PERIOD FILED BY THE DEBTOR
AND CHANGE OF DUPACO COMMUNITY CREDIT UNION'S
PRIOR ACCEPTANCE TO A REJECTION OF THE PROPOSED MODIFICATION**

COMES NOW Dupaco Community Credit Union ("***Dupaco***"), by its attorneys O'Connor & Thomas, P.C., pursuant to 11 U.S.C. § 1193, and hereby (i) objects to confirmation of the *Modified Chapter 11, Subchapter V Plan After Confirmation* filed by Property Holders, Ltd. (the "***Debtor***") on June 19, 2026 [Doc 324], and the *Motion for Modification of Chapter 11, Subchapter V Plan and Extension of the 3-Year Plan Period* filed by the Debtor on June 19, 2026 [Doc 325] (collectively referred to herein as the "***Motion***"), and (ii) changes its prior acceptance to a rejection of the proposed modification (this "***Objection/Rejection***").  In support of this Objection/Rejection, Dupaco respectfully states as follows:

**Background**

1.　　On November 21, 2022 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief under Chapter 11, Subchapter V of Title 11 of the United States Code (the "***Bankruptcy Code***"), thereby commencing this case.

2.　　Dupaco is the holder of a fully secured claim against the Debtor, which is evidenced by the proof of claim filed by Dupaco in this case on January 26, 2023 [Claim No. 5] (the "***Secured Claim***").

3.　　On February 21, 2023, the Debtor filed a proposed *Plan of Reorganization* [Doc 77] (the "***Initial Proposed Plan***").

4.　　On March 23, 2023, Dupaco filed an objection to the Initial Proposed Plan [Doc 98] (the "***Initial Plan Objection***").

5.      On April 23, 2023, the Debtor filed a *Modified Plan of Reorganization for Small Business under Chapter 11, Subchapter V* [Doc 111] (the "**Modified Proposed Plan**").

6.      On May 11, 2023, Dupaco filed an *Objection of Dupaco Community Credit Union to Confirmation of Modified Plan of Reorganization Dated April 10, 2023* [Doc 123] (the "**2023 Plan Objection**").

7.      The Debtor, Dupaco, and other parties in interest engaged in negotiations after the 2023 Plan Objection was filed, which negotiations led to the *Additions to Modified Chapter 11, Subchapter V Plan* filed on June 6, 2023 (Doc 143) (the "**Plan Additions**").

8.      The Proposed Plan, as supplemented by the Plan Additions, was confirmed by this Court on June 7, 2023 (the "**Confirmed Plan**").

9.      Pursuant to Section 4.01, Class 3, paragraph 3 of Article 4 of the Confirmed Plan, the Debtor was required to liquidate real properties securing the Secured Claim until such time as:

(a)      the total, unpaid amount of the Secured Claim was less than $950,000.00;

(b)      the loan to value ratio in respect of the balance owed in respect of the Secured Claim and the appraised value of the remaining properties securing the Secured Claim, expressed as a percentage, was less than 55% (based upon appraisals obtained within 12 months of the date such loan to value ratio is determined); and

(c)      the Debtor's monthly income from rent or other sources provided a debt service coverage ratio in respect of the Secured Claim of not less than 1.25 to 1.0.

The schedule/timing of such property sales was to be specified in the Exhibits to the monthly operating reports filed by the Debtor in this case, as contemplated by the Plan Additions.[1]

10.     Stated differently, the Debtor was required by the terms of the Confirmed Plan to actively and continually liquidate properties throughout the duration of the Confirmed Plan.

11.     The Plan **did not** grant the Debtor an unconditional and unilateral right to delay, defer, or discontinue liquidation of Dupaco's collateral, much less the right to extend performance beyond the original three year term of the Confirmed Plan.

---

[1] As indicated in Paragraph 11 of the 2023 Plan Objection, the lack of specificity as to the dates by which Dupaco's collateral would be liquidated was one of the reasons that Dupaco objected to the Proposed Plan. In connection with and as part of the parties' negotiations of the Plan Additions, that concern was addressed by Paragraph 1 of the Plan Additions and the requirement that the Debtor attach spreadsheets to its monthly operating reports filed in this case in the format of those attached to the Confirmed Plan as Exhibits C-1, C-2, C-3 and C-4, which exhibits set forth the dates by which the collateral was to be liquidated.

Dupaco notes that the Debtor has routinely failed to provide exhibits to its monthly operating reports in the format required by the Plan Additions, thereby demonstrating the Debtor's blatant disregard of orders of this Court (i.e., the confirmation order implementing the provisions of the Plan Additions) and the specific terms to which the Debtor agreed in exchange for Dupaco's withdrawal of its objections and its acceptance of the Confirmed Plan.

2

12.     When Dupaco agreed to withdraw its objections and accept the Confirmed Plan, it did so based upon the negotiated terms of the Confirmed Plan and specifically in reliance upon the provisions thereof that required the Debtor to continue liquidating real properties as expressly contemplated by and provided in the Confirmed Plan.[2]

13.     As of the date hereof, only six of the twenty-four (24) real properties that secured the Secured Claim at the outset of this case have been liquidated since the Petition Date.

14.     Now, after (a) the passage of nearly four years since this case was commenced, (b) the Debtor's failure to perform and complete the Confirmed Plan in accordance with its terms, and (c) the expiration of the Confirmed Plan by its stated terms, the Debtor seeks to (i) extend the Confirmed Plan from June 21, 2026, through June 21, 2028, and (ii) obtain authority to pay the Secured Claim through a future refinancing rather than through liquidation, despite the Debtor's failure to achieve the specific, negotiated requirements for cessation of liquidation (i.e., the requirements described in Section 9 of this Objection/Rejection).

15.     Furthermore, the Motion vaguely describes the potential financing that the Debtor hopes to obtain in order to repay the Secured Claim, but it does not identify the prospective lenders with whom the Debtor has allegedly been working to obtain financing to pay the Secured Claim; nor is it accompanied or supported by a proposed term sheet or other information that demonstrates the Debtor is likely to be able to secure such financing.

16.     As such, the vaguely defined potential refinancing demonstrates that the Debtor's ability to refinance the Secured Claim is, at best, speculative.[3]

### Objection / Rejection of Prior Acceptance of Confirmed Plan

17.     Based upon the foregoing, and for the reasons stated in this Objection/Rejection, Dupaco hereby objects to the Motion and asserts that the Motion and the relief requested therein should be denied.

---

[2] Dupaco notes that the requirements delineated in Section 9(a)-(c) of this Objection/Rejection were not originally included by the Debtor in the Initial Proposed Plan, but were only added to the Modified Proposed Plan to address the Initial Plan Objection filed by Dupaco. In other words, the inclusion of these requirements was specifically negotiated by Dupaco.

[3] By virtue of its own statement in the Motion, the Debtor has admitted that a refinancing is speculative: "The most likely potential lender has stated that that transaction would require the additional collateral that would be provided by the five remaining GreenState properties and would not be able to confirm a proposed lending transaction until the mortgages and judgment liens on those properties were satisfied." *See* Motion, Paragraph 7.

Dupaco contends that, if the proposed financing was more than speculative, the "potential lender" could deliver a binding term sheet to provide such financing, indicating therein that the closing of such financing was subject to satisfaction of the GreenState mortgages and liens. The fact that the "potential lender" has not provided such a term sheet demonstrates that the financing is purely speculative.

18.     Although the Bankruptcy Code permits modification of bankruptcy plans in certain circumstances, modification is only permitted if the circumstances warrant such modification <u>and</u> the court confirms such plan, as modified.  11 U.S.C. § 1193.

19.     As an initial matter, Dupaco contends that the circumstances do not warrant modification.

20.     Although the Debtor cites difficulties in the residential real estate market and increases in interest rates as reasons for its failure to complete the Confirmed Plan in accordance with its terms (*see* Motion, Paragraph 5), fluctuations in both residential real estate markets and interest rates are foreseeable, ordinary business risks that every real estate investor, including the Debtor, assumes and should be familiar with by virtue of its participation in such industry.

21.     Those risks – and changes in the market stemming from those risks – do not justify shifting the resulting consequences of the Debtor's failure to complete the Confirmed Plan in accordance with its terms on to Dupaco; nor do they constitute an unanticipated or unforeseen change in the Debtor's circumstances that would warrant an extension of the term of the Plan.

22.     Even assuming, arguendo, that the circumstances warrant a modification of the Confirmed Plan, Dupaco contends that such modification would not be confirmable under Section 1193 of the Bankruptcy Code due to the lack of feasibility.

23.     As noted above, the relief requested in the Motion hinges on a speculative, potential refinancing.  Moreover, the likelihood of the Debtor actually being able to secure and close on a refinancing is slim considering that its past performance has routinely demonstrated its inability to (a) pay its real estate taxes and assessments as they become due (and the unpaid balance of such taxes and assessments continues to grow), (b) maintain continuous and adequate insurance, and (c) generate adequate rental income to support the debt service that would likely be associated with any such refinancing.[4]

---

[4] The *Statement in Support of United States Trustee's Motion to Dismiss* filed by Dupaco on May 1, 2026 [Doc 317] (the "***Statement***") contains detailed information in respect of the Debtor's past-due real estate taxes, the Debtor's failure to maintain insurance on certain properties securing the Secured Claim, and Dupaco's concerns in respect oof the condition of the properties securing the Secured Claim, which Statement (together with the exhibits thereto and the information contained therein) is hereby incorporated into this Objection/Rejection by reference.  The affidavits of representatives of Dupaco filed (or to be filed) in support of this Objection/Rejection supplement the Statement insofar as such affidavits include more current information regarding dollar amounts, etc.

Dupaco notes that the Debtor, in its *Objection to Dupaco Community Credit Union Statement in Support of the United States Trustee's Motion* to dismiss filed on May 7, 2026 [Doc 319], disputed Dupaco's assertions in the Statement regarding the Debtor's failure to maintain insurance on certain properties, but failed to provide any evidence to substantiate that the required insurance is, and has at all times been, maintained.  Prior to filing this Objection/Rejection, Dupaco, through its counsel, reached out to the Debtor, through the Debtor's counsel, and requested that the Debtor supply such evidence, but Dupaco did not receive any response.  Therefore, based on the information available to Dupaco and the Debtor's failure to supply evidence to the contrary, Dupaco continues to believe that insurance is lacking one or more of the properties securing the Secured Claim.

Lastly, the most recent monthly operating report filed by the Debtor on June 30, 2026 [Doc 328], reflects that the Debtor generated a grand total of $9,730.00 of rental income for the month of May, 2026, across all of its real estate holdings (i.e., the real estate collateral of both Dupaco and GreenState Credit Union).  Based upon the rent revenue

24.     Based on the foregoing, Dupaco hereby objects to the Motion and the relief requested therein; changes its prior acceptance of the Confirmed Plan to a rejection of the proposed modification; and asserts the Debtor will be unable to establish that the proposed modification is is warranted or feasible.  Therefore, pursuant to Section 1193 of the Bankruptcy Code, the Motion should be denied.

**Alternatively, Requests for Inclusion of Protection Provisions
in any Order Granting the Motion**

25.     Dupaco notes that this Objection/Rejection is based upon the Debtor's record of performance throughout the pendency of this case – not on hypothetical future risks – and asserts that the Debtor's actual performance under the Confirmed Plan is the most relevant evidence of whether another two years will produce a successful result.

26.     Based upon the Debtor's record of performance throughout the pendency of this case, Dupaco further contends that granting the Motion, without including additional provisions for its protection, will only serve to kick the proverbial can down the road to the detriment of Dupaco and its collateral position.

27.     Therefore, if and to the extent this Court is inclined to grant the Motion over Dupaco's objections stated herein, Dupaco respectfully requests that any order granting the Motion (referred to herein as the "***Plan Modification Order***") also include, at a minimum, the following requirements to protect Dupaco and its collateral position from further impairment:[5]

(a)     until such time as the Secured Claim has been paid in full, a requirement that the net proceeds from the sale of any property subject to a mortgage in favor of Dupaco be remitted directly by the closing agent to Dupaco to be applied by Dupaco to the Debtor's obligation(s) directly secured by such property, with any remaining proceeds (if any) to be remitted by Dupaco to applicable taxing authorities for application to the Debtor's past due taxes on other real properties constituting collateral for the Secured Claim (in such order as Dupaco determines in its discretion) and with any surplus (if any) to be deposited  by Dupaco into the Debtor's cash collateral account maintained with Dupaco;

(b)     until such time as the Secured Claim has been paid in full, a requirement that the Debtor make any and all payments to third parties by virtue of checks written against the Debtor's cash collateral accounts maintained with Dupaco and made payable to such third parties (in lieu of cash payments to third parties);

(c)     until such time as the Secured Claim has been paid in full, require the Debtor to provide Dupaco (through its counsel) with copies of any and all term sheets, commitment

---

reflected in such monthly operating report, Dupaco contends that the Debtor will not be able to generate sufficient rental income to service the debt on any refinancing of the Secured Claim.

[5] Dupaco reserves the right to request the inclusion of additional provisions in the Plan Modification Order, including during the hearing on the Motion.

letters, communications, and/or denials received from any financial institution or lender with respect to a potential refinancing of the Secured Claim, within three days of its receipt thereof;

(d)      until such time as the Secured Claim has been paid in full, require the Debtor to provide Dupaco (through its counsel) with copies of all information (including, without limitation, financial statements and tax returns) supplied by or on behalf of the Debtor to any financial institution or lender with respect to a potential refinancing of the Secured Claim, simultaneously with its delivery thereof;

(e)      until such time as the Secured Claim has been paid in full, a requirement that net proceeds from the sale of any property subject to a mortgage in favor of Dupaco be remitted directly by the closing agent to Dupaco, to be applied by Dupaco to the Debtor's obligation(s) directly secured by such property, with any remaining proceeds (if any) to be remitted by Dupaco to applicable taxing authorities for application to the Debtor's past due taxes (in such order as Dupaco determines in its discretion), with any surplus (if any) to be deposited  require the Debtor to provide Dupaco (through its counsel) with copies of all information (including, without limitation, financial statements and tax returns) supplied by or on behalf of the Debtor to any financial institution or lender with respect to a potential refinancing of the Secured Claim, simultaneously with its delivery thereof;

(f)      until such time as the Secured Claim has been paid in full, require the Debtor to provide Dupaco (through its counsel) with copies of any lawsuits and/or criminal allegations or charges that are currently pending or hereafter commenced or made by or against the Debtor and/or its principal, Charles Davisson, together with a statement from the Debtor and/or Charles Davisson regarding their position in respect of such lawsuit, charge or allegation, upon entry of the Plan Modification Order and from time to time thereafter within fifteen days of any request by Dupaco;

(g)      until such time as the Secured Claim has been paid in full, require the Debtor to provide Dupaco (through its counsel) with the following documents and/or information, which shall be true, correct and accurate in all respects, with respect to each and every parcel of real property owned by the Debtor (regardless of whether such property is subject to a mortgage in favor of Dupaco):

(i)      evidence of property and liability insurance including, with respect to those parcels of real property on which Dupaco holds a mortgage, a certificate identifying the amount of such insurance and naming Dupaco as lender loss payee and additional insured, upon entry of the Plan Modification Order and from time to time thereafter within fifteen days of any request by Dupaco;

(ii)      all listing agreements entered into by the Debtor for the sale of any real estate, within three days of the execution and delivery thereof;

6

(iii)    all offers to purchase or lease received by the Debtor with respect to any real estate (regardless of whether accepted or rejected by the Debtor), within three days of the Debtor's receipt thereof;

(iv)    all counteroffers made by the Debtor with respect to the sale or lease of any real estate (regardless of whether accepted or rejected by the party to whom such counteroffer was made), within three days of the Debtor's extension of such counteroffer;

(v)    all settlement statements related to any sale or lease of any real estate, within three days of the Debtor's receipt thereof;

(vi)    all existing written leases, upon entry of the Plan Modification Order and from time to time thereafter within fifteen days of any request by Dupaco;

(vii)    all written leases and amendments or modifications entered into after entry of the Plan Modification Order, upon entry of the Plan Modification Order and from time to time thereafter within fifteen days of any request by Dupaco;

(viii)    with respect to oral and verbal leases, a spreadsheet setting forth, for each leased property, tenant name(s), rental amount, lease term (including lease commencement and expiration dates), expense detail (e.g., whether the tenant(s) or the Debtor is responsible for the utilities supplied to the property), upon entry of the Plan Modification Order and from time to time thereafter within fifteen days of any request by Dupaco;

(ix)    a current rent roll (specifying, for each leased premises, whether such rent is current or past-due), on a monthly basis;

(x)    all notices received from the City of Cedar Rapids (or any other agency or authority with jurisdiction over the property) asserting a violation of any housing or other applicable code or regulation, including the dollar amount of any assessments stemming from such violations and the Debtor's estimated date of remedying such violations, within three days of the Debtor's receipt thereof;

(xi)    a spreadsheet setting forth, by property and in line item detail, the repairs and renovations necessary to ready such property for sale or lease and the timeline and estimated cost to complete such repairs and renovations, upon entry of the Plan Modification Order and from time to time thereafter within fifteen days of any request by Dupaco; and

(xii)    photographs of the interior of each property (both before and after any repairs or renovations to such property), upon entry of the Plan Modification Order and from time to time thereafter within fifteen days of any request by Dupaco.

7

(h)     unless the Debtor has obtained a binding commitment or term sheet within thirty (30) days of the entry of the Plan Modification Order, permit Dupaco, at the expense of the Debtor, to obtain broker price opinions (BPO) with respect to property on which Dupaco holds a mortgage and require the Debtor to (i) cooperate with Dupaco in arranging for such BPOs and (ii) permit the individual or company preparing such BPOs to conduct interior and exterior inspections of the properties; and

(i)     unless the Secured Claim has been paid in full within sixty (60) days of the entry of the Plan Modification Order, require the Debtor to remit to Dupaco, on a monthly basis for application to the Secured Claim, one-half of the rents received on those properties subject to a mortgage in favor of Dupaco.

In addition to the foregoing requirements, Dupaco further requests that the Plan Modification Order further provide that Dupaco will be entitled to relief from stay if the Debtor fails to comply with any of the foregoing requirements and such failure continues fifteen (15) days after Dupaco provides written notice of such failure to the Debtor (through its bankruptcy counsel).

WHEREFORE, Dupaco Community Credit Union respectfully requests that the Court (i) deny the Motion and all requests thereunder including, without limitation, the confirmation of the modified Confirmed Plan, and (ii) grant such other relief as the Court deems just and equitable.

DUPACO COMMUNITY CREDIT UNION,
Secured Creditor,

By: _____ */s/ Tonya A. Trumm* _____
Tonya A. Trumm
O'CONNOR & THOMAS, P.C.
1000 Main Street
Dubuque, IA 52001
Phone: (563) 557-8400
Fax: (888) 391-3056
E-mail: ttrumm@octhomaslaw.com

ATTORNEYS FOR DUPACO COMMUNITY
CREDIT UNION

8

CERTIFICATE OF SERVICE

By signing below, I, Tonya A. Trumm, hereby certify that on the 20th day of July, 2026, I caused a true and accurate copy of the foregoing *Objection of Dupaco Community Credit Union to Confirmation of the Modified Chapter 11, Subchapter V Plan After Confirmation and the Motion for Modification of Chapter 11, Subchapter V Plan and Extension of the 3-Year Plan Period filed by the Debtor and Change of Dupaco Community Credit Union's Prior Acceptance to a Rejection of the Proposed Modification,* to be served upon each of the parties identified below by depositing a copy of said Objection addressed to each such person at the specified address, and enclosed in a sealed envelope with proper postage affixed thereto, in a United States Post Office depository in Dubuque, Iowa.

Dated this 20th day of July, 2026.

/s/ Tonya A. Trumm

Rush M. Shortley
1921 51st Street NE
Cedar Rapids, IA 52402
ATTORNEY FOR DEBTOR

Peter Riley
4040 – 1st Ave NE
P.O. Box 998
Cedar Rapids, IA 52406
ATTORNEY FOR DEBTOR

Douglas Flugum
Bugeye Ventures, Inc.
P.O. Box 308
Cedar Rapids, IA 52406
TRUSTEE

Janet G. Reasnor
U. S. Trustee
111 7th Ave. SE
Box 17
Cedar Rapids, IA 52401

Sarah J. Wencil
DOJ-UST
300 South 4th Street
Room 1015

Benjamin G. Nielson
PUGH HAGAN PRAHM PLC
425 E. Oakdale Blvd., Suite 201
Coralville, IA 52241
ATTORNEY FOR GREENSTATE CREDIT UNION

Eric J. Langston
601 S. Lindbergh Blvd, Flr 2
Frontenac, MO 63131
ATTORNEY FOR AMANDA CLARK

9

Minneapolis, MN 55415