## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Bankr. No. 22-00744 |
| Property Holdings, LTD | ) | |
| | ) | **UNITED STATES TRUSTEE'S** |
| | ) | **SUPPLEMENT TO** |
| Debtor | ) | **MOTION TO DISMISS PURSUANT** |
| | ) | **TO 11 U.S.C. § 1112** |

The Acting United States Trustee for Region 12 (UST), by and through the undersigned Trial Attorney, filed a motion to dismiss on April 14, 2026 (Doc. 310).   The telephonic continued hearing is set for August 7, 2026 at 10:15 a.m. She hereby incorporates and supplements that motion as follows:

1.      Since the initial hearing on May 22, 2026, the following cause continues to exist to dismiss this chapter 11 case:

a.      Cause exists to dismiss or convert this case for inability to effectuate substantial consummation of a confirmed plan under 11 U.S.C. § 1112(b)(4)(M).

b.      Cause exists to dismiss or convert this case for failure to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief . under 11 U.S.C. § 1112(b)(4)(I).

2.      As noted in the original motion, the Court confirmed this consensual chapter 11 plan on June 7, 2023 (Order Doc. 144; April 11 Plan, Docs. 111 and 143 (Supplement)).

3.      This Court's confirmation Order states that substantial consummation will not occur and the subchapter V trusteeship will not be terminated until the Debtor liquidated

sufficient properties to pay all creditors in full under the Plan.  Specifically, the Plan required the

Debtor to liquidate properties mortgaged to GreenState or DUPACO, pay Linn County real

estate taxes, and pay unsecured claims in full by three years from the date the order confirming

the plan became final, which is 14 days after June 7, 2026.

4.      There is no dispute that the Debtor failed to substantially consummate the terms

of the Plan and comply with the Court's order confirming the chapter 11 Plan and that the Debtor

has failed to pay the real estate taxes due on the real estate held by DUPACO.

5.      As noted in DUPACO's most recent representation, the Debtor has only sold six

of the 24 real properties secured by DUPACO since the Petition Date.  *See* Doc. 329 (Objection

to Confirmation of Modified Plan, para. 13).

6.      As noted in GreenState's most recent representation, the Debtor owes GreenState

a balance of approximately $102,690.02.  *See* Doc. 327 (Objection to Confirmation of Modified

Plan, para. 3).

7.      As noted in DUPACO's joinder to this motion, the Debtor owes approximately

$191,423.60 in real estate taxes on the remaining properties mortgaged to DUPACO.  *See* Doc.

317 (Statement in Support, para. 6(a)).

8.      The Debtor stated in its reply to this motion that it did not dispute the amount of

real estate taxes due on the remaining properties mortgaged to DUPACO.  *See* Doc. 319

(Objection, para. 1).   The Debtor's defense appears to be that since the county treasurer is

subject to the automatic stay, there is no threat to DUPACO's interests.

9.      At the initial hearing on this motion on May 22, 2026, the parties agreed to

continue this hearing based on the representations that the Debtor would obtain financing by the

end of July 2026 to buy out the remaining DUPACO claim and finish liquidating the GreenState

Credit Union property.  The undersigned counsel, on behalf of the UST, stated that getting

financings in place prior to the next real estate tax due date (September 2026) was important.

10.	In response, the Debtor filed a Motion for Modification of Chapter 11, Subchapter

V Plan and Extension of the 3-Year Plan Period, and a Modified Chapter 11, Subchapter V Plan

After Confirmation ["Modification"]. *See* Docs. 325 and 326.

11.	The Modification seeks to extend the original three-year period of the Plan by two

additional years to permit the satisfaction of the DUPACO claim through refinancing.     Both

DUPACO and GreenState objected to the Modification.

12.	The Modification fails to rebut the cause to dismiss this case.

13.	The Debtor has admitted that the real estate taxes are unpaid.  Cause under

Section 1112(b)(4)(I)  is premised on the failure to pay taxes.   The defense that the county is

subject to the automatic stay does not supersede the plain language of Section 1112(b)(4)(I) that

taxes have not been paid.

14.	The Debtor also admitted through the Modification that it has not paid GreenState

(the amount due may be disputed) or DUPACO in full.   Thus, the failure to pay those creditors

and/or to pay the real estate taxes is cause to dismiss the case for failing to substantially

consummate a plan under Section 1112(b)(4)(M).

15.	Once cause is established, Section 1112(b)(1) states that the Court *shall* dismiss

or convert a case to chapter 7, unless the appointment of a trustee is in the best interest of the

estate.

16.     Under Section 1112(b)(2), the Court may not dismiss or convert the case once cause has been established only if the court finds "unusual circumstances" establishing that converting or dismissing the case is not in the best interests of creditors, and the Debtor establishes that a plan will be confirmed and that the cause will be cured within a reasonable period of time fixed by the Court.  *See* 11 U.S.C. § 1112(b)(2)(B).  The Debtor bears the burden of demonstrating unusual circumstances.  *In re Patel,* 2012 WL 3764523, * 2 (Bankr. W.D. Artk Aug. 23, 2021).

17.     The proposed two-year extension to the Plan to find financing to replace the DUPACO claim is not a reasonable period of time and will not reasonably rehabilitate the Debtor.

18.     The two-year extension is not reasonable because the extension will result in two additional years of unpaid real estate taxes, no adequate protection through debt service payments, and increased administrative costs.

19.     The Debtor is effectively forcing DUPACO to bear the costs of administration of the estate, and the longer such costs increase, the Debtor is forcing creditors to bear the risk of losing their equity in the property.

20.     The operating reports in the case show that the Debtor has not been paying taxes or making debt service payments on a regular basis in the case.  *See, e.g.* Docs. 330 (June 2026) and 328 (May 2026).    It appears that the Debtor only pays the underlying real estate taxes and debts once the properties are sold.

21.     Diminution of the estate is further cause to dismiss or convert a case under Section 1112(b)(4)(B).  *See, e.g. In re Westgate Props. Ltd.* 432 B.R.720,  723 (Bankr. N.D.

Ohio 2010) ("This failure to pay real estate taxes as they become due also clearly shows a continuing loss to and diminution of estate assets."); *In re Veterans Holdings, LLC,* 2025 WL 1908132, *8 (Bankr. E.D. La. July 9, 2025)(finding cause under subsection (b)(4)(A) due to accruing debt, including unpaid property taxes).

22.     The Debtor's proposal to seek further financing in that two-year period is not reasonable because it is vague and speculative.  The Debtor has failed to identify a firm commitment or offer of refinancing. *See In re Westgate Props. Ltd.*, 432 B.R. 720, 724 (Bankr. N.D. Ohio 2010)(finding cause under Section 1112 where debtor  proposed to rehabilitate by obtaining refinancing but had no evidence of any offers of commitments); *In re Intown Cos..,  Inc.*, 2017 WL 3491831, *8 (Bankr. N.D. Fla. April 14, 2017(finding that plan relying on refinancing are "inherently speculative" and "more than simple optimism about future market conditions is needed to support the confirmation of a plan whose success depends on a future sale or refinance of the debtor's principal asset.");  *In re Sugar Hill 473, LLC*, 2025 WL 3481095,  *3 (Bankr. S.D.N.Y. Dec. 3, 2025)(finding that plan relying entirely on refinancing was speculative where no evidence that financing was attainable);   In re Veterans Holdings, LLC, 2025 WL 1908132, *8 (Bankr. E.D. La. July 9, 2025)(finding no reasonably likelihood of rehabilitation where debtor was not cash flowing and prospects for refinancing were speculative); *In re Bordeaux Ventures, LLC*, 2025 WL 2967288, * 8 (Bankr. M.D. Tenn. Oct. 17, 2025)("[W]ithout proper funding in place or a firm commitment of such funding, the Court cannot find the Plan feasible).

23.     Based on the unreasonable nature of the two-year extension in the Modification, the Debtor cannot establish that there is a reasonably likelihood that a Plan (Modified Plan in this case) will be confirmed under Section 1112(b)(2)(A).

24.     The two-year extension of the Plan fails to establish that the deficiencies raised in the cause will be cured within a reasonable period under Section 1112(b)(2)(B).   The Modification proposes to put the risks of the delay, the costs of non-payment of taxes,  and the costs of non-payment of debt service on DUPACO for up to two additional years.  The delay is not fair under Section 1129(b), by placing those costs of the two-year extension on DUPACO for the enrichment of the equity position.   Given that the Debtor has had three-years to market and sell these properties, that the parties-in-interest negotiated that period as part of the confirmation process for the Plan and that the extension primarily benefits the insider, the Modification is not reasonable.

25.     DUPACO, the major outstanding creditor in this case, has objected to the Modification.  Therefore, it is impossible to find that the Modification is in the best interests of creditors under Section 1112(b)(2) where the major creditor at risk has objected.

WHEREFORE, the Acting UST requests this Court dismiss is case and for any other such relief this Court deems just and equitable.

Dated: August 5, 2026                                          MARY R. JENSEN
                                                               ACTING UNITED STATES TRUSTEE

                                                               /s/ Sarah J. Wencil
                                                               Office of the U.S. Trustee
                                                               Trial Attorney
                                                               IA Atty 14014
                                                               U.S. Courthouse
                                                               300 South Fourth Street Suite 1015
                                                               Minneapolis, MN 55415
                                                               (612) 334-1350
                                                               Sarah.J.Wencil@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF IOWA

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
|  | ) | Bankr. No. 22-00744 |
| Property Holdings, LTD | ) |  |
|  | ) | Certificate of Service |
| Debtor | ) |  |

The undersigned states that on August 5, 2026, she caused the Supplement to Motion to Dismiss to be filed; thereby causing service by CM/ECF on the following parties:

- **Peter D. Arling**    parling@octhomaslaw.com, tgrimm@octhomaslaw.com
- **Mari Davis**    iahomelocators@yahoo.com
- **Douglas Dean Flugum**    dflugum@bugeyeventures.com
- **John M. Heckel**    heckellaw@jmheckel.com, r45714@notify.bestcase.com
- **Eric J. Langston**    elangston@aegislaw.com, ericlangston357.gmail.com@recap.email
- **Benjamin Gregory Nielson**    bnielson@pughhagan.com, sknipfer@pughhagan.com
- **Alexandria Quinn-Hanse**    allie.quinn-hanse@usdoj.gov
- **Peter C. Riley**    peterr@trlf.com, phyllisd@trlf.com
- **Rush M. Shortley**    rush@shortleylaw.com, r51060@notify.bestcase.com
- **Tonya A. Trumm**    ttrumm@octhomaslaw.com, snolz@octhomaslaw.com

Dated: August 5, 2026                    /s/ Sarah J. Wencil

                                         Sarah J. Wencil

                                         Office of the US Trustee