# United States Bankruptcy Court
# Northern District of Iowa

**IN RE:**

PROPERTY HOLDERS, LTD,
**Debtor.**

**Chapter 11**

**Bankruptcy No.** 22-00744

**Objection to United States Trustee's Supplement to Motion to Dismiss Pursuant to 11 U.S.C. §1112**

Debtor, by Rush M. Shortley, its attorney, objects to the United States Trustee's (UST) motion and requests relief as follows:

1. Paragraph 1 is denied on the same grounds as previously stated by Debtor. Regarding the payment of real estate taxes, Article 3.03 the confirmed plan provides the satisfaction of the secured priority claim of Linn County for delinquent real estate taxes from the proceeds of the sale of properties as proposed on the plan. The provisions for payment of the Class 2 and Class 3 claims provides for the payment of any currently or past due real estate taxes from the proceeds of the sale of properties as described in the confirmed plan. All real estate taxes due on properties sold during the course of the plan have been paid as provided in the confirmed plan. Therefore, the UST's claim that the existence of delinquent real estate taxes is cause for the dismissal of the case is not sustained.
2. Paragraph 2 is a recitation of the proceedings in this court and requires no response.
3. Debtor restates the reasons for extending the plan period to five years as set out in its motion for confirmation of its modified plan as a response to Paragraph 3 of the UST's motion and supplemental motion.
4. Debtor restates the reasons for extending the plan period to five years as set out in its motion for confirmation of its modified plan as a response to Paragraph 4 of the UST's motion and supplemental motion.
5. The UST's statement in Paragraph 5 is not support for its motion to dismiss. The plan also provides that with the agreement of Dupaco, that claim may be returned to regular servicing under the original contract documents upon reducing the claim to $950,000.00 wnt with Dupaco's agreement. As is demonstrated by the documents filed in this case on behalf of Dupaco, it is apparent that the pre-filing and pre-plan relationship with Dupaco has deteriorated, and Debtor now has proposed modifying its plan to permit the satisfaction of Dupaco's secured claim by refinancing the balance of the claim.

6. Debtor does not dispute GreenState's statement that the balance due on its claim is $102,690.02, and the GreenState property now listed will be sufficient to satisfy that claim.

7. In response to Paragraph 7, Debtor does not dispute that real estate taxes are owed on the properties mortgaged to Dupaco and restates the recitation of the original confirmed plan provisions.

8. In response to Paragraph 8, the confirmed plan provides for payment of real estate taxes at the time of sale as stated above.

9. In response to Paragraph 9, UST's counsel misstates the statements of Debtor or Debtor's counsel. One of the conditions of Debtor obtaining refinancing is the full payment of GreenState's claim, and the property listed that would accomplish that has not sold. Debtor's counsel stated in the prior telephonic hearing that Debtor would make every effort to obtain refinancing of the Dupaco claim by the end of July, but did not guarantee that. Further, it is not unreasonable that the sale of residential real property in Cedar Rapids, Iowa has become even slower is the re-increase of interest rates since the last hearing on the UST's motion and the associated decline in the market.

10. In response to Paragraphs 10 through 25, Debtor has proposed a modification of the original confirmed plan in good faith and believes the reasons for the modification stated in the motion supporting the modification of its plan are reasonable under all the circumstances of this case. No claim has been made that the debtor has acted in any fashion other than good faith in working to complete the provisions of the confirmed plan.

    a. The debtor's president would testify at an in court hearing on this motion or the motion to modify Debtor's plan that a prospective lender has been identified and that the identity of that lender has not been disclosed because the last time Debtor's president disclosed a lender's identity to Dupaco during a search for refinancing for another entity's obligations, one or more representatives of Dupaco contacted that lender and disparaged the prospective borrower resulting in a loss of that refinancing opportunity. Debtor is fully prepared to disclose the conditions that its prospective lender has set out for the refinancing of Dupaco's claim and its efforts to satisfy those conditions, but would request the Court permit Debtor to keep the name of the prospective lender in confidence until a commitment letter is issued by the lender.

11. The UST's entire thrust of its supplemental motion focuses on the interests of the creditors and fails at any point to discuss the interests of the debtor in seeking and obtaining an extension of the original plan period. The UST has failed to mention that

the interests of Dupaco in the property of the Debtor are fully protected by a substantial equity cushion that has not decreased in percentage since this case was filed. Also, the interests of GreenState in the property of the debtor are similarly fully protected by the residual value of the property mortgage to it. Given the continued values of Debtor's property and the size of the equity cushion, there appears to be no risk to either of the secured claimants that their claims will not be fully satisfied.

12. Dismissal of this case at this point in the proceedings would impose substantial risk to Debtor's residual interests in its property. A dismissal would almost assuredly result in Dupaco filing one or more foreclosure actions to realize the value of its claim, which would impose substantial risk to Debtor's interests in that property.

13. Dismissal of this case at this point in the proceedings would deny Debtor the opportunity to present evidence in a hearing on the confirmation of its modified plan to establish good cause for the granting of the requested modification.

WHEREFORE, Property Holders, LTD. requests that this Court either deny the U.S. Trustee's motion to dismiss this case or take the matter under advisement until after the hearing on Debtor's proposed modified plan and motion for confirmation of that modified plan and the Court's determination on that confirmation request.

Respectfully Submitted,

Dated: August 20, 2026

Rush M. Shortley 7353
1921 51st Street NE
Cedar Rapids, IA 52402
Phone: (319) 294-1907
E-mail: rush@shortleylaw.com
Attorney for Debtor

# CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served by CM/ECF electronic service or was mailed with first class postage affixed to counsel of record for all other parties and to unrepresented parties at their addresses as disclosed by the pleadings and on such other parties as required by the U.S. Bankruptcy Code and the U.S. Rules of Bankruptcy Procedure, according to the following Service List, on August 20, 2026.

Rush M. Shortley

Service List:

By CM/ECF E-mail Notice:

United States Trustee
Douglas Dean Flugum, Subchapter V Trustee
Sarah J. Wencil, Attorney for U.S. Trustee
Tonya A. Trump, Attorney for Dupaco Community Credit Union
Benjamin Gregory Nielson, Attorney for GreenState Credit Union
And other parties requesting electronic notice through CM/ECF

By U.S. Mail:

None