**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| In re:<br><br>PROPERTY HOLDERS, LTD,<br><br>Debtor. | Chapter 11<br>Case No. 22-00744 |

**STIPULATED MOTION TO CONTINUE HEARINGS**

COMES NOW Property Holders, Ltd. (the "Debtor"), Dupaco Community Credit Union ("Dupaco"), and Mary R. Jensen, Acting United States Trustee (the "UST"), by their respective attorneys, and hereby moves this Court (this "Stipulated Motion") for entry of an order (i) continuing the hearings on the *United States Trustee's Motion to Dismiss Pursuant to 11 U.S.C. § 1112* [Doc. 310] (the "Dismissal Motion"), and the objections thereto, and the Debtor's *Motion for Modification of Chapter 11, Subchapter V Plan and Extension of the 3-Year Plan Period* [Doc. 325] (the "Modification Motion"), and the objections thereto, which are currently scheduled for 10:30 a.m. on September 14, 2026, for a period of seven (7) weeks, and (ii) granting such other and further relief as this Court deems appropriate. In support of this Consensual Motion, the parties hereto state as follows:

1. The hearings on the Dismissal Motion and the Modification Motion were originally scheduled to be held on August 31, 2026, for 10:30 a.m.

2. On August 28, 2026, the Debtor advised Dupaco and the UST that the Debtor expected to receive an offer to purchase that certain real property located at 1933 Higley Avenue SE, Cedar Rapids, Iowa (the "Higley Property") within a few days and that the sale of the Higley Property is anticipated to result in (a) the full satisfaction of the Debtor's obligations to GreenState Credit Union ("GreenState"), (b) the satisfaction and release of each mortgage that GreenState holds on the Debtor's real properties, and (c) the release and satisfaction of the judgment lien against the Debtor in favor of GreenState.

3. The Debtor further advised Dupaco and the UST that, shortly following the closing of the sale of the Higley Property and the release and satisfaction of the mortgages and judgment lien in favor of GreenState as described above, the Debtor expects to receive a financing commitment from a lender in an amount sufficient to satisfy the Debtor's obligations to Dupaco in full.

4. Based upon the Debtor's representations, Dupaco and the UST agreed to continue the hearings on the Dismissal Motion and the Modification Motion for a period of two (2) weeks, as set forth in the *Consensual Motion to Continue Hearings* [Doc. 345] filed on August 28, 2026 (the "Consensual Motion").

5. On August 31, 2026, this Court entered an order granting the Consensual Motion and continued the hearing to September 14, 2026.

6. The Debtor represents to Dupaco and the UST that the Debtor has an accepted purchase agreement with respect to the sale of the Higley Property, a copy of which accepted purchase agreement is attached hereto as **Exhibit A** and incorporated herein (the "Accepted Purchase Agreement").

7. As indicated in the Accepted Purchase Agreement, the sale of the Higley Property is scheduled to close at 10:00 a.m. on October 15, 2026.

8. Based upon the Debtor's representations and the Accepted Purchase Agreement, the parties hereto have agreed to a further continuance of the hearings on the Dismissal Motion, the Modification Motion, and the various objections to such motions for a period of seven (7) weeks to allow the sale of the Higley Property to close.

9. Provided that, within seven (7) weeks of the date hereof, (a) the sale of the Higley Property has occurred pursuant to the Accepted Purchase Agreement attached hereto, (b) the Debtor's obligations to GreenState have been paid and satisfied in full, (c) each mortgage that GreenState holds on the Debtor's real properties has been satisfied and released, and (d) the judgment lien against the Debtor in favor of GreenState has been satisfied and released, and subject to such other terms and conditions as the UST and/or Dupaco may require, the parties hereto have also agreed to discuss a further continuance of the hearings on the Dismissal Motion and the Modification Motion to allow the Debtor additional time to receive the anticipated financing commitment described herein.

WHEREFORE, each of the Debtor, Dupaco, and the UST respectively requests the entry of an order: (i) continuing the hearing on the Dismissal Motion, the Modification Motion, and the various objections to such motions for a period of seven (7) weeks, and (ii) granting such other and further relief as this Court deems appropriate.

Respectfully jointly submitted,

PROPERTY HOLDERS, LTD.

By: *\/s/ Rush M. Shortley*

Rush M. Shortley
1925 51st Street NE
Cedar Rapids, IA 52402
Phone: (319) 294-1907
E-mail: rush@shortleylaw.com

Attorney for Debtor Property Holders, Ltd.

DUPACO COMMUNITY CREDIT UNION

By: * /s/ Tonya A. Trumm*
Tonya A. Trumm
Peter D. Arling
O'CONNOR & THOMAS, P.C.
1000 Main Street
Dubuque, IA 52001
Phone: (563) 557-8400
E-mail: ttrumm@octhomaslaw.com
pdarling@octhomaslaw.com

Attorneys for Dupaco Community Credit Union

MARY R. JENSEN

ACTING UNITED STATES TRUSTEE

By: */s/ Sarah J. Wencil*
Office of the U.S. Trustee
Trial Attorney
U.S. Courthouse
300 South Fourth Street Suite 1015
Minneapolis, MN 55415
Phone: (612) 334-1350
E-mail: sarah.j.wencil@usdoj.gov

Attorney for the Acting United States Trustee

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 11th day of September, 2026, a copy of the foregoing document was filed with the Clerk of Court for the United States Bankruptcy Court for the Northern District of Iowa using CM/ECF system, and served electronically on those participants that receive service through the CM/ECF system.

*_/s/ Tonya A. Trumm_*
Tonya A. Trumm
O'Connor & Thomas, P.C.
1000 Main Street
Dubuque, Iowa 52001
Telephone: (563) 557-8400
Facsimile: (888) 391-3056
E-mail: ttrumm@octhomaslaw.com

Attorneys for Dupaco Community
Credit Union

EXHIBIT A

CEDAR

# PURCHASE/SALE CONTRACT

I/We request that (Co.) Keller Williams Legacy Group or any of its employees, agents, or associates select, prepare, and complete the form documents as authorized by Iowa law or by the Iowa Supreme Court Rule, such as purchase agreements, groundwater hazard, and declaration of value incident to a residential real estate transaction. **The signing of this Contract creates important rights and liabilities on the part of both the Seller and the Buyer. If you have concerns regarding your rights and liabilities, you are encouraged to seek competent legal advice.**

Prepared by: SAM WILLIAMS Check appropriate representation: ☒ Buyer ☐ Seller ☐ Dual Agency

Date: 9/2/26 Time: 11:00 ☒ a.m. ☐ p.m. The undersigned Buyer hereby offers the following terms for the purchase of the following property: Parcel #: 14224-85006

Address: 1933 HIGLEY AVE City: Cedar Rapids Iowa. Zip code: 52403

Abbreviated legal description: As stated in abstract, ________ County, Iowa, subject to public highways, covenants, easements, restrictions, and zoning, if any.

**PURCHASE PRICE** to be: $153,000. Earnest money ☑ Check or ☐ Electronic Transfer of $ 500 to be provided within three (3) business days after this purchase/sale contract has been accepted. Said earnest money to be paid to and will be cashed, deposited, and held in Trust by the Listing Broker. In the event this Contract is not acceptable to both Buyer and Seller, then said earnest money will be returned to Buyer. **It is understood that if earnest money is not paid by the time specified, then this contract may be voidable at the Seller's option.**

**COMPENSATION:** Seller's agreement to allow Buyer's Broker to be compensated at time of closing does not create any type of exclusive duty, agency agreement or any other type of relationship between Seller and Buyer's brokerage or agent. **Compensation is fully negotiable and not established by law.** ☒ Seller agrees to pay the Buyer's Brokerage compensation of 3.5% or $________ of sale price at time of closing.

**CLOSING** shall be on (date) 10/15/26 or sooner by mutual agreement.

**SELLER TO GIVE POSSESSION** ☒ at time of closing or ☐ on (date) 10/15/26 (time) 10:00 ☒ a.m. ☐ p.m.

If for any reason the closing is delayed, the Buyer and Seller may make a separate agreement with adjustments as to the date of possession in the form of an amendment or interim occupancy agreement. Any unpaid balance, rents, interest, or insurance, for these purposes shall be adjusted as of the date of possession and shall bear interest at the rate of ________% per annum.

The balance of the purchase price shall be paid as indicated below. Select below all that apply, (A) through (E):

☒ A. **NEW LOAN:** This Contract is subject to and contingent upon the Buyer obtaining a commitment in writing, including appraisal, for a (type): ☒ Conv ☐ FHA ☐ VA ☐ USDA ☐ Other________ - loan for not greater than 80 % of the purchase price with an interest rate at 7 % or less with a term of 30 years. Buyer agrees to pay all customary loan costs. **Within two (2) business days** after final acceptance of this Contract, Buyer to make application for such loan with (mortgage provider) UPSTART, (mortgage originator) Todd Beckler and to make a good faith effort to obtain a loan commitment as stated above. If Buyer has not provided to the Seller a written commitment, including appraisal, or loan denial, on or before (date) ________, this contract shall become null and void unless both parties have agreed to a timely signed amendment.

☒ Subject to the terms and conditions of the attached lender letter from above referenced mortgage provider. **Buyer agrees to immediately initiate an amendment, subject to Seller's approval, to this Purchase/Sale Contract in the event there are any changes in terms, type of financing, or mortgage provider. Failure to do so may make this contract voidable at Seller's option.**

☒ B. **CASH:** Buyer will pay the balance of the purchase price in cash at time of closing with adjustment for closing costs to be either added or deducted from this amount. This Contract **is not contingent** upon Buyer obtaining financing for such funds in order to close. Buyer also agrees to provide, within two (2) business days after this contract is accepted, verifiable evidence of the availability of the funds needed to close on the sale, subject to Seller's approval within one (1) business day of receipt.

☐ At Buyer's expense, this contract's **CASH** terms are subject to an appraisal completed on or before (date) ________.

**For any appraisal contingency,** if the property does not appraise at purchase price or greater, then Buyer will provide Seller with the complete appraisal and Seller will have one calendar day to decide if they will lower the purchase price to the appraised value. If Seller is not willing to lower the purchase price to the appraised value, Buyer and Seller will have two calendar days to reach a mutually agreeable purchase price. If a new purchase price cannot be agreed upon, the Purchase/Sale Contract shall be null and void and the earnest money shall be returned to Buyer.

☐ C. **ASSUMPTION** of Seller's loan or contract/Contract for Deed: See attached Financing Addendum (CRAAR Form 18a).

☐ D. This contract is contingent upon and subject to closing the sale of: (address) ________, which is:

- ☐ **ACTIVE** and listed with a Real Estate Broker MLS#________
- ☐ **NOT** listed with a Real Estate Broker, will be listed and **ACTIVE** on or before (date) ________
- ☐ **NOT** listed with a Real Estate Broker but is for sale
- ☐ **UNDER CONTRACT** with all contingencies to be released by (date)________ and expected to close no later than (date) ________

☒ E. Other Financing terms and/or Concessions: [illegible]

☒ **INSURANCE:** Subject to buyer obtaining an acceptable insurance estimate/bid within 7 business days of accepted contract.

**JOINT TENANCY:** If Seller's title is held in joint tenancy with full rights of survivorship, this Contract shall not sever such joint tenancy. Upon the death of one or more of the joint tenants, payments shall be made to the survivor.

**Buyer's Initials** ________ ________ **Seller's Initials** ________ ________

 *©Copyright Cedar Rapids Area Association of REALTORS 2024 Revised 09/30/2024*

**Subject Property Address** 1033 HIGLEY AVE, CEDAR RAPIDS, Iowa

**BUYER HEREBY STATES HIS DESIRE TO TAKE TITLE IN THE FOLLOWING MANNER:**

☐ Joint Tenants ☐ Tenants In Common ☒ Individually ☐ Other ______________________________.

**USE OF THESE PREMISES:** At option of the Buyer, this Contract is void unless, at time of settlement, Buyer is permitted under existing zoning and any restrictive covenants to use these premises for ______________________________.

☐ **THIS CONTRACT** is contingent upon and subject to the Seller providing the current restrictive covenants to the Buyer within three (3) business days of acceptance of this Contract. Buyer will have three (3) additional business days from receipt to approve covenants.

☐ **THIS CONTRACT** is contingent upon and subject to the attached Condominium/HOA Addendum.

**DUTIES OF THE PARTIES:** The **Broker**, his Agents, and employees make no representations or warranties as to the physical condition of the property, its size, future value, or income potential. **Seller** and **Buyer** acknowledge that the **Seller** of real property has a legal duty to disclose **Material Defects** of which the Seller has actual knowledge and which a reasonable inspection by the Buyer would not reveal.

**CONDITION OF PROPERTY:** Federal Law (known as Title X) requires notification of potentially dangerous levels of lead-based paint in properties built before 1978 (See Lead-Based Paint Disclosure). If applicable, the Seller will provide the Buyer with copies of any records or prior test results pertaining to lead-based paint findings. The property as of the date of this Contract, including buildings, grounds, and all improvements, will be preserved by the Seller in its present condition until possession, per attached property disclosure, if applicable, ordinary wear and tear excepted.

**PROPERTY INSPECTIONS:** These inspections are not to be construed as inspections to bring an older home into compliance with current local building codes. These inspections are intended to discover any material adverse facts that impact the following components of a property: structural, mechanical, safety, or health and it is understood that there is a reasonable expectation that components are functioning properly unless disclosed otherwise. ______ / ______ **(Buyer's initials).**

**"Material Adverse Facts"** are defined in Iowa Code 543B.5(14) as meaning an adverse fact that a party indicates is of such significance or that is generally recognized by a competent licensee as being of such significance to a reasonable party, that it affects or would affect the party's decision to enter into a contract or agreement concerning a transaction, or affects or would affect the party's decision about the terms of the contract or agreement. For purposes of this subsection, "adverse fact" means a condition or occurrence that is generally recognized by a competent licensee as resulting in any of the following: **(1)** Significantly and adversely affecting the value of the property **(2)** Significantly reducing the structural integrity of improvement to real estate **(3)** Presenting a significant health risk to occupants of the property.

This transaction is contingent upon the Buyer obtaining inspection reports, at Buyer's expense, unless noted otherwise, within the inspection period indicated. **For all inspections, Seller agrees to have all utilities in service & mechanical equipment functional (if applicable), and sewer line access location to be identified and accessible. It is understood that the Buyer and/or their representative has the right to attend inspection appointments.**

**IF BUYER DOES NOT SECURE SAID INSPECTIONS AND PROVIDE WRITTEN NOTICE FOR REMEDIES WITHIN THE TIMELINE SPECIFIED THEN BUYER SHALL BE DEEMED SATISFIED AND THE INSPECTION CONTINGENCY WILL BE CONSIDERED WAIVED.**

**RESPONSE TO INSPECTION FINDINGS:** If any inspection reveals material adverse facts, Buyer shall provide written notification of the defect along with the relevant portion of the inspection report and the desired corrections and deliver them to the Seller within the "Inspection Period." Upon delivery of the notice, Seller shall have three (3) business days to respond to the buyer's inspection requests. The Buyer and Seller shall have three (3) additional business days ("Settlement Period") to negotiate a settlement of the condition of the real estate. If settlement is not reached within the "Settlement Period," then this Purchase/Sale Contract shall be voidable. For purpose of this paragraph, material adverse facts do not include minor or routine maintenance items.

**BUYER SELECTS THE FOLLOWING INSPECTIONS:**

☒ 1. **A WHOLE PROPERTY INSPECTION** to determine the physical condition of the house, land, improvements, fixtures, equipment, any additional structures, and any hazardous conditions on the real estate. Provided no later than ____________ business days after the date this Purchase/Sale Contract is accepted. **This does not include items 3-8 below, which should be selected individually.**

☐ 2. **BUYER WAIVES A WHOLE PROPERTY INSPECTION** and chooses only:

☐ Air Conditioning ☐ Electrical ☐ Plumbing ☐ Structural ☐ Other ____________
☐ Asbestos ☐ Heating ☐ Roofing ☐ Other ____________ ☐ Other ____________

Provided no later than ____________ business days after the date this Purchase/Sale Contract is accepted.

☒ 3. **A RADON TEST** will be ordered by Buyer. Test to be completed under closed house conditions by an Iowa state certified radon measurement specialist. A test result less than 4 pCi/L is considered safe by the EPA. Provided no later than 5 business days after the date this Purchase/Sale Contract is accepted.

☒ 4. **A WOOD-DESTROYING INSECT INSPECTION** will be ordered by Buyer and completed by a state licensed commercial pesticide applicator. If treatment is recommended due to an active infestation, the Buyer shall have the option of declaring this Purchase/Sale Contract null and void if the Seller declines to have the property professionally treated as recommended. Provided no later than 5 business days after the date this Purchase/Sale Contract is accepted.

☒ 5. **A SEWER LINE INSPECTION** will be ordered by Buyer. Provided no later than ____________ business days after the date this Purchase/Sale Contract is accepted.

☐ 6. **A WELL WATER QUALITY TEST** to meet local county health standards will be ordered by Buyer and provided no later than ____________ business days after the date this Purchase/Sale Contract is accepted.

☐ 7. **A WELL AND ASSOCIATED EQUIPMENT INSPECTION** will be ordered by Buyer and provided no later than ____________ business days after the date this Purchase/Sale Contract is accepted.

☐ 8. **A SEPTIC SYSTEM INSPECTION:** The septic system shall be inspected by a licensed DNR inspector as required by Iowa Code 455B.172 and will be ordered and paid for upon completion by ☐ Seller ☐ Buyer. Said inspection results should be approved for real estate transfer (unless exempt). Provided no later than ____________ business days after the date this Purchase/Sale Contract is accepted. Subject to Buyer having two (2) business days after receipt of inspection results and cover letter to approve results.

☐ **IF BUYER WAIVES ALL PROPERTY INSPECTIONS, PLEASE SIGN HERE:**

Signatures: ______________________ ______________________

**Buyer's Initials:** ______ ______ **Seller's Initials** ______ ______

 *©Copyright Cedar Rapids Area Association of REALTORS 2024* 

**Subject Property Address** 1933 [illegible] Ave SE, Cedar Rapids, **Iowa**

**SPECIAL ASSESSMENTS:** Seller shall pay in full all Special Assessments whether levied or pending and all certified liens of record as of the date of closing. Association fees, if any, shall also be paid current by the Seller to date of closing. Any preliminary or deficiency assessments which cannot be discharged by payment at closing shall be paid through a written escrow account with sufficient funds to pay such liens when payable, with any unused funds to be returned to the Seller without further signatures of the Buyer. All charges for solid waste, trash removal, sewage, utility bills, and assessments for maintenance that are attributable to the Seller's ownership shall be paid by the Seller.

**TAXES:** The Seller to be responsible for the Transfer Tax/Revenue stamps and all real estate taxes that are liens on the property, including taxes that are due and payable for the fiscal year in which the closing occurs. Buyer shall be given a credit for all subsequent taxes prorated to the date of closing. Subsequent taxes shall be calculated using the latest known applicable assessed value, roll back, exemption, and levy of record at time of closing.

[ ] There shall be no proration of subsequent real estate taxes.

**One (1) year home warranty insurance policy to be ordered and paid for by:** [ ] Seller [ ] Buyer [x] No Warranty [ ] See additional provisions

**NEW CONSTRUCTION:** If the property is under construction or is to be constructed, this Contract shall be subject to having the construction plans and appropriate specifications approved by the parties within _______ days of final acceptance of this Contract. New construction shall have the warranties implied by law, specifically made by suppliers of materials/appliances, or specifically tendered by the contractor. The Broker and its Agent make no warranties as to the quality of construction or quality of materials.

**CURRENT RENTAL PROPERTY:** This Contract [ ] is [x] is not contingent upon Seller providing Buyer evidence of compliance with local zoning and housing code ordinances, if applicable, within 10 business days of final acceptance of this contract, unless otherwise provided with or stated in this Contract.

The following will be transferred to Buyer at closing: Security/Damage Deposits/Pet Deposits [ ] Y [x] N Prorated Rent [ ] Y [x] N

**INSURANCE:** Seller shall bear the risk of loss or damage to the property prior to closing. Seller agrees to maintain existing hazard insurance and Buyer may purchase additional insurance. In the event of substantial damage or destruction prior to closing, this Contract shall be null and void, unless otherwise agreed to by the parties. The property shall be deemed substantially damaged or destroyed if it cannot be restored to its previous condition on or before the closing date, provided, however, the Buyer has the right to complete the closing and receive the insurance proceeds regardless of the extent of the damage.

**ABSTRACT AND TITLE:** Seller shall, immediately upon request, have the Abstract of Title extended to date and submit to an attorney for a title opinion for the Buyer. Such attorney shall be selected by the Buyer or Buyer's lender. Such Abstract of Title shall show merchantable title in the name of the Seller, subject only to encumbrances and liens herein assumed and such other encumbrances and liens shall be paid from the proceeds of this sale. Seller agrees to make every reasonable effort to promptly perfect the title in accordance with such title opinion so that, upon conveyance, title shall be deemed marketable in compliance with this Contract, the land title laws of the State of Iowa, and the Iowa Title Standards of the Iowa Bar Association. If this sale is on the deferred installment plan, such other encumbrances shall not exceed the unpaid balance of the stated purchase price and shall provide for an interest rate and terms of payment no more onerous than those agreed to in this Contract. Thereafter the Seller shall not be obligated to make any further extensions or corrections other than to show, upon full payment of the purchase price, entries subsequently caused by the Seller and satisfaction of unassumed encumbrances shown by said examination or those thereafter imposed by the Seller. Upon full payment of the purchase price, Seller shall deliver to Buyer a general warranty deed to this property accompanied by the Abstract of Title. If closing is delayed due to Seller's inability to provide marketable title; this Contract shall continue in force and effect until either party rescinds this Contract after giving seven (7) business days written notice to the other party and the Broker. The Seller shall not be entitled to rescind this Contract unless he has made a reasonable effort to produce marketable title in the prescribed time.

**REMEDIES OF THE PARTIES:** If Seller fails to fulfill this Contract, he will pay the Listing Broker the commission in full. The Buyer shall have the right to have all payments returned, and/or to proceed by any action at law or in equity and the Seller agrees to pay costs and reasonable attorney fees, and a receiver may be appointed. Broker may maintain an action at law against Seller for the Broker's commission. If the Buyer fails to fulfill this Contract, Seller may forfeit the same as provided in Chapter 656 of the Code of Iowa, and all payments made so far shall be forfeited, or the Seller may proceed by an action at law or in equity. The Buyer agrees to pay costs and reasonable attorney fees, including the Broker's commission. For purposes of collecting the Broker's commission, Broker shall be deemed a third-party beneficiary to this Contract and maintain an action at law against the Buyer for the collection of these fees. If Buyer or any other person or persons shall be in possession of this property or any part thereof, Buyer will peaceably remove himself and his possessions and abandon all claims to any right, title, and interest in and to said property or in and to this Contract, or in default thereof he may be treated as a tenant holding over unlawfully after the expiration of a lease and may be ousted and removed. Any personal property remaining on the premises more than five (5) business days after the completion of such forfeiture proceeding shall be conclusively presumed to have been abandoned by the Buyer and of no value to Buyer, and Seller may dispose of the same as Seller wishes without liability and without any right of the Buyer to make claim for interest or damages.

**SUCCESSORS IN INTEREST:** When accepted, this Contract shall apply to and bind the heirs, executors, administrators, assigns, and successors in interest of both parties. In case of the assignment of this Contract by either party, prompt written notice shall be given to the other party. The liability of the Buyer under this Contract shall not cease or be terminated, even though the Contract be assigned by the Buyer unless this liability is specifically released in writing by the Seller.

**COURT APPROVAL:** If the property is an asset of any estate, trust or conservatorship, this Contract is contingent upon Court approval unless declared unnecessary by Buyer's attorney. If necessary, the appropriate fiduciary shall promptly obtain Court approval and conveyance shall be made by a Court Officer's Deed.

**FUNDS:** It is agreed that at time of closing, funds, up to the purchase price, received from the Buyer and/or Buyer's lender may be used to pay taxes, other liens, and expenses associated with this transaction, same to be handled under the supervision of the Listing Broker so to produce marketable title. Seller hereby appoints the Listing Broker, escrow company, or lender to receive such funds and make such payments and disbursements.

**Buyer's Initials** [initialed] ______ **Seller's Initials** [initialed] ______

 *©Copyright Cedar Rapids Area Association of REALTORS 2024* 

**Subject Property Address** 1955 HIGLEY AVE SE, CEDAR RAPIDS, **Iowa**

**GENERAL PROVISIONS:** In the performance of each part of this Contract, time shall be of the essence. This Contract shall be binding on and inure to the benefit of the heirs, executors, administrators, assigns and is for the convenience of reference and shall not limit nor affect the meaning of this Contract. All Buyer and Seller contingencies or sub-contingencies shall be released in writing by the date(s) specified in this Purchase/Sale Contract, except as specified in the Inspection area, unless Buyer and Seller agree, in writing, to an extension. If Buyer contingencies and sub-contingencies are not released in writing on or before the specified date(s), this contract may be voidable at the Seller's option and/or Earnest Money may be forfeited to the Seller. If Seller contingencies and sub-contingencies are not released in writing on or before the specified date(s), this contract may be voidable at the Buyer's option. If voided, Earnest Money will be returned to the Buyer.

**MEDIATION:** In the event of a dispute, Buyer and Seller agree to consider mediation as an alternative to initiating legal action. The mediation will be conducted in accordance with the rules and procedures of a mutually agreed mediation service. Even when using mediation, parties may still seek legal remedies.

**DISPOSITION OF PERSONAL PROPERTY:** Seller agrees to remove, prior to closing or possession, whichever is later, all personal property **not** included in this sale, including trash, and miscellaneous items. Seller will be liable for any costs the Buyer incurs for the removal of any of the Seller's personal property. Any such personal property remaining on the premises shall, unless the parties have otherwise agreed, be conclusively presumed to have been abandoned by Seller and of no value to Seller. Seller will comply with this expectation at his effort and at his expense.

**GENDER AND NUMBER:** Stated words and phrases shall be construed in the singular or plural number, and as masculine, feminine or neutral gender as may be dictated by the context of this Contract.

**NOTICE:** Any notice required under this Contract shall be deemed given when it is received in writing either by hand delivery, fax, return receipt requested mail, or electronic mail. Persons designated for receipt of any notice for the purpose of this Contract shall be the Seller and Buyer or their respective agents.

**FINAL INSPECTION:** Buyer and/or their representative has the right to enter and inspect the premises, prior to closing, to determine if there have been any material changes in the property since the origination date of this Contract. Seller to have all utilities on, unless the parties have otherwise agreed. Buyer acknowledges by deposit of final funds that the property and all equipment is acceptable.

**Included: all permanent fixtures, all items per attached Seller's Property Disclosure dated on** ____________,
**and the attached Multiple Listing page with the MLS number of** ____________.

**ADDITIONAL PROVISIONS:** ____________

____________

____________

____________

**Please be aware that the Purchase/Contract supersedes the Seller's Property Disclosure document as well as the MLS Listing documents. This offer to purchase is made of my own free will and shall be good and binding upon the undersigned if accepted on or before (date)** 9/3/26**, by (time)** 12:00 ☐**a.m.** ☒**p.m.**

☐ **SEE ATTACHED ADDENDUM(S)**

| | | | |
|---|---|---|---|
| [signature] | 9/2/26 | | |
| Buyer's Signature | Date | Buyer's Signature | Date |

River Whitters
Buyer's Legal Name (Printed) — Buyer's Legal Name (Printed)

☒ **SELLER'S ACCEPTANCE.** The undersigned Seller of the above property accepts the above offer and agrees to sell this property according to the terms offered on this date of: (date) 9/3/26, (time) 2:15 ☐**a.m.** ☒**p.m.**

☐ **SELLER'S REJECTION.** The undersigned Seller of the above property rejects this Buyer's written offer to purchase the above stated property. (date)__________, (time)__________ ☐**a.m.** ☐**p.m.**

☐ **SELLER'S COUNTER-OFFER.** The undersigned Seller of the above property accepts the above offer, however, counters certain terms and conditions as per attached Counter-Offer. (date)__________, (time)__________ ☐**a.m.** ☐**p.m.**

| | | | |
|---|---|---|---|
| [signature] | 9/2/26 | | 9/2 |
| Seller's Signature | Date | Seller's Signature | Date |

____________
Seller's Legal Name (Printed) — Seller's Legal Name (Printed)

**FOR BROKER REFERENCE ONLY**

PROPERTY HOLDERS
Name of Selling Company (Printed) — Name of Selling Agent (Printed)

KELLER WILLIAMS — MANNING
Name of Listing Company (Printed) — Name of Listing Agent (Printed)

 ©Copyright Cedar Rapids Area Association of REALTORS 2024 Revised 09/30/2024